[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion to dismiss which raises the interesting issue of first impression of whether this court lacks jurisdiction because the property owned by the defendant was not inspected during the time of his ownership prior to an information being filed against him, charging him with failure to abate lead paint. Specifically, this court considers whether the defendant's motion to dismiss should be granted on the grounds that the court lacks personal and/or subject matter jurisdiction; the information was filed after the statute of limitations had expired; there are defects in the information; there is insufficient evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial; and/or the law defining the offense charged is unconstitutional or otherwise invalid.
For reasons more fully set forth herein the defendant's motion to dismiss is denied in its entirety.
FACTUAL BACKGROUND
The pertinent facts are as follows. A summons and complaint, dated June 25, 1999, was served upon the defendant, Robert Boisvert, Sr., alleging a violation of General Statutes § 19a-111 and § 19a-230
in regards to property located at 76 Lincoln Street, Meriden, Connecticut. The information is supported by the sworn affidavit of Scott Bryden, an environmental health sanitarian for the Meriden health division. The affidavit, dated June 22, 1999, attests the following.
On April 4, 1997, a lead inspection of the premises located at 76 Lincoln Street in Meriden was performed by Franklin Mills, a certified lead inspector and licensed lead consultant contractor. The lead CT Page 5978 inspection report indicated that the property contained toxic levels of lead as defined by § 19a-111 of the Regulations of Connecticut State Agencies, and that a child under the age of six was residing in the first floor apartment of said premises. At the time of the inspection the property was owned by another individual, not the defendant. The Meriden health division issued orders to the prior owners of the premises located at 76 Lincoln Street for abatement of lead paint, pursuant to the lead statutes, after determining that a child experienced lead poisoning from the premises. The defendant is the current owner of the premises. The defendant purchased the subject property on August 26, 1998. The property was transferred to the defendant without compliance with the orders by the previous owners. On September 8, 1998, a notice of violation was sent to the defendant pursuant to § 19a-111 of the Regulations of Connecticut State Agencies. The notice ordered that warnings of the existence of lead hazards be posted on all entrances to the property within forty-eight hours and that a lead abatement plan be submitted within fifteen working days of receipt of the notice of violation.
As of June 22, 1999, the health division had not received from the defendant an abatement plan and no apparent work had been done to abate the lead hazards found at the premises. Thereafter, Bryden requested that a warrant be issued for the defendant's arrest for violating General Statutes § 19a-230 and § 19a-111 of the Regulations of Connecticut State Agencies.
The defendant filed a motion to dismiss, dated September 8, 1999, pursuant to Practice Book § 41-8, on the grounds that the court lacks personal and subject matter jurisdiction, there are defects in the information, there is insufficient evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial, the law defining the offense charged is unconstitutional or otherwise invalid and the action is barred by the statute of limitations. First, the defendant argues there is no personal jurisdiction over him pursuant to General Statutes § 19a-111 because a previous owner of the premises is the individual responsible for the violation, which occurred on April 4, 1997, and that he did not take title to the property until August 26, 1998. Second, the defendant argues that there is no subject matter jurisdiction because at the time of his purchase of the premises, there were no children under the age of six years residing at the premises; nor were there any children under the age of six years residing on the premises on September 8, 1998, the date that he received the notice of violation from the health division. Furthermore, the defendant argues that throughout his ownership of the premises, no children under the age of six years resided at the premises. Therefore, the defendant alleges that he is not in violation of any CT Page 5979 statutes. Next, the defendant argues that pursuant to General Statutes § 54-193 (b). the action is barred by the one year statute of limitations because the alleged violation of General Statutes § 19a-111
or General Statutes § 19a-230 occurred on April 4, 1997, more than a year before the order was issued to the defendant on September 8, 1998, and over two years before the commencement of the present prosecution. Lastly, the defendant raises various arguments including that because he was not the owner of the premises responsible for the violation on April 4, 1997, a fact known by the Meriden health department, the affidavit is knowingly false and defective;[1] there is insufficient cause to justify the information; and the offense charged is unconstitutional.
On December 13, 1999, the state filed an objection to the motion to dismiss, arguing that the prosecution is timely in that the date of the offense was June 22, 1999, and the summons and complaint were issued on June 25, 1999. The state also contends that on June 22, 1999, the order to abate the lead paint, which was issued to the defendant on September 8, 1998, expired and the Meriden health division reinspected and determined that the order had not been complied with. The state argues that the defendant was issued an order for abatement of the lead paint on the premises because as the present owner, he is responsible for the lead paint conditions on the property. In addition, the state asserts that it is irrelevant that the property was not owned by the defendant when the poisoning occurred because the order was appropriate against a subsequent owner of the premises who knowingly purchased the premises subject to previous lead abatement orders issued to prior owners, and who failed to comply or challenge the order. Furthermore, the state contends that the property's vacancy at the time of the order does not render the matter moot because the lead regulatory program is designed to protect both present and future residents of lead contaminated buildings and General Statutes § 47a-54f applies whether or not a child is in residence.[2] Next, the state argues that the defendant is barred from bringing claims before this court because he failed to exhaust his administrative remedies before the health department pursuant to General Statutes § 19a-229. Moreover, the state argues that the defendant's claims are without merit.
On January 4, 2000, the state filed a supplemental memorandum of law in support of its objection to the motion to dismiss, asserting in part that because the prior owners of the premises did not abate the lead violation, the health department had an obligation to continue enforcement against a subsequent owner, which is within the law and regulations of lead abatement. On January 5, 2000, the defendant filed a supplemental memorandum, asserting in part that General Statutes §19a-230 does not provide for liability of subsequent owners. On January 18, 2000, the defendant filed a reply memorandum to the state's CT Page 5980 supplemental memorandum.
MOTION TO DISMISS
Practice Book § 41-8 provides that "[t]he following defenses or objections, if capable of determination without a trial of the general issue, shall . . . be raised by a motion to dismiss the information: . . . (2) Defects in the information . . .; (3) Statute of limitations; (4) Absence of jurisdiction of the court over the defendant or the subject matter; (5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial; . . . (8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid. . . ." "The tenor and apparent purpose of [Practice Book § 41-8] is to authorize a motion to dismiss by a defendant for the specific reasons stated in that section or for any other grounds that constitute defects inherent in the initiation or prosecution of a criminal case that would prevent the state from successfully concluding a prosecution that it desires to continue. . . . The defenses or objections referred to in [§ 41-8] which may be raised by a motion to dismiss under that section are defenses or objections which procedurally would be raised by a defendant to attack the legality and appropriateness of the criminal prosecution before trial, in an attempt to terminate an otherwise viable prosecution." (Citations omitted; internal quotation marks omitted.) State v. Talton,209 Conn. 133, 139, 547 A.2d 543 (1988).
"Pretrial dismissal of criminal charges in any type of case is such a drastic remedy that it should not be resorted to lightly." State v.Bergin, 214 Conn. 657, 662, 574 A.2d 164 (1990). "Dismissal of an information is a drastic action that is appropriate in cases where there [is] a need either to eliminate prejudice to a defendant in a criminal prosecution, where it [is] impossible to do so by imposition of lesser sanctions, or to deter a pattern of demonstrated and longstanding widespread or continuous official misconduct." (Internal quotation marks omitted.) Id., 672. "On a motion to dismiss an information, the proffered proof is to be viewed most favorably to the state." (Internal quotation marks omitted.) State v. Blasius, 211 Conn. 455, 461,559 A.2d 1116 (1989).
C.G.S. SECTIONS 19a-111 AND 19a-230
The defendant is charged with violating two statutes regarding lead paint. The first, section 19a-111 provides, in part, that "[t]he owner of any dwelling in which the paint, plaster or other materials contain toxic levels of lead and in which children under the age of six reside, shall abate or manage such dangerous materials consistent with CT Page 5981 regulations adopted pursuant to this section." General Statutes §19a-111 also mandates that ". . . the local director of health shall order action to be taken by the appropriate person or persons responsible for the condition or conditions which brought about such lead poisoning as may be necessary to prevent further exposure of persons to such poisoning. . . . Nothing in this section shall be construed to prohibit a local building official from requiring abatement of sources of lead."
The second section of the statute charged in the information is §19a-230. That section provides that "[a]ny person who violates any provision of this chapter or any legal order of a director of health or board of health, for which no other penalty is provided, shall be fined not more than one hundred dollars or imprisoned not more than three months or both."[3]
Personal Jurisdiction
The defendant's first argument in-support of his motion to dismiss is that this court lacks personal jurisdiction because a previous owner is the individual responsible for the violation on April 4, 1997, when a child under the age of six resided at the premises at that time. Moreover, the defendant alleges that he could not be responsible because he did not acquire title to the premises until August 26, 1998.
General Statutes § 19a-111c is "aimed at `owners', that is a person or persons who knowingly and willingly [have] ownership, control or possession of property. . . ." Edwards v. Tierney, Superior Court, judicial district of New Haven at New Haven, Docket No. 357475 (February 16, 1996, Corradino, J.), aff'd, 44 Conn. App. 904, 692 A.2d 871 (1997). Consequently, although the defendant did not own the property on the date that lead paint was first detected on the premises, he knowingly and willingly purchased the property contaminated by lead, thereby becoming the owner of the premises in accordance with § 19a-111c. As the owner of the premises, the defendant is responsible for the current condition of the property, notwithstanding the prior owners' failure to comply with the health division's orders and the fact that no children under the age of six have resided on the premises during his ownership of the property.
It is true that "[t]he duty to abate or manage lead . . . arises only after the owner has notice of toxic levels of lead." Whitaker v. Amato,
Superior Court, judicial district of New Haven Housing Session, Docket No. HCNH 9711-133 (February 24, 1998, Levin, J.); see also Gore v.People's Savings Bank, 235 Conn. 360, 384, 670 A.2d 332 (1995) (landlord may be liable "only for conditions of which he is aware, or of which he CT Page 5982 could have known in the exercise of reasonable care." (Internal quotation marks omitted.)) The evidence in this case supports the conclusion that the defendant knowingly and willingly purchased the premises with notice of the existence of toxic levels of lead in the paint and with the notice that the property was subject to an abatement order from the Meriden health division.
The defendant purchased said property subject to a warranty deed, which explicitly conveyed the premises to the defendant "subject to . . . [the] notice from the . . . Meriden Department of Human Services Health Division for abatement of lead paint. . . ." The deed further indicated that the notice from the health division was recorded in the Meriden Land Records on May 20, 1997. Even absent evidence of the warranty deed, the facts in this case indicate that the defendant was personally notified of the existence of toxic levels of lead paint on his property by a notice of violation from the health division, dated September 8, 1998, which ordered that the defendant post warnings on all entrances to the property and submit a lead abatement plan.
A subsequent owner to property which contains toxic levels of lead, who has notice of the presence of lead and who has received orders to abate is subject to the jurisdiction of the court. See Bland v. Moriarty,
Superior Court, judicial district of New Haven at New Haven, Docket No. 379438 (November 3, 1999, Lager, J.) (where a prior owner received notice that a building contained lead paint in violation of the Meriden Housing Code and the defendant was a subsequent owner of the building, the court denied the defendant's motion for summary judgment on the ground of constructive notice); Payne v. Candelora, 45 Conn. Sup. 191,706 A.2d 22 (1997) (where the defendant relinquished control of the property to a subsequent owner before the defective lead condition was discovered, the court granted the defendant's motion for summary judgment on the ground of lack of notice and on the ground that the defendant was no longer the record owner of the property).
The defendant has not provided this court with any authority that dictates that subsequent owners of lead contaminated dwellings are not legally bound by the abatement statutes. Nor does he cite authority that the deed conveying the property to him subject to the health division's order is not an enforceable lien. It would be contrary to public policy and the goals of the lead abatement statutes to permit the defendant to evade the present action by accepting his argument that as a subsequent owner of contaminated property, he is not responsible for the condition because the lead paint was detected before he purchased the property. Further, if at the time he received the order the defendant believed that he was not responsible for the abatement of lead on the property, he should have appealed the order pursuant to General Statutes § CT Page 598319a-229.[4]
Accordingly, the motion to dismiss is denied on the ground that the court has personal jurisdiction over the defendant because he is the owner of the subject premises which contains toxic levels of lead; he had notice of the existence of lead; he had notice of the orders to abate the lead; and he failed to comply with the orders in violation of the lead abatement statutes.
Subject Matter Jurisdiction
Second, the defendant argues that this court lacks subject matter jurisdiction. The defendant argues that there is no subject matter jurisdiction because at the time that he purchased the property, there were no children under the age of six residing on the premises; nor were there any children under the age of six residing on the premises on September 8, 1998, the date he received the notice of violation from the health division. A majority of Superior Courts which have been confronted with this argument have rejected it.
In a case similar to the instant matter, this court (Munro, J.) held that it had subject matter jurisdiction because "[t]he vacancy of the [premises] does not render the matter moot." State v. Frankel, Superior Court, judicial district of New Haven Housing Session at New Haven, Docket No. CRNH 9609-2018 (September 14, 1998, Munro, J.) (22 Conn.L.Rptr. 398, 399). See also, State v. Frankel, supra,22 Conn.L.Rptr. 398; Dillon v. Dept. of Public Health, supra,23 Conn.L.Rptr. 76 ("[A]batement orders have a prospective application."); and Nadeau v. Commissioner of Public Health, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 553046 (March 15, 1996, Maloney, J.) ("[T]he purpose of the lead abatement statutes and regulations is to protect children and adults `from present and future risk of lead poisoning.' . . . [T]he abatement orders should be based on the undisputed facts concerning the residents and the contamination of the property at the time the . . . department performed its investigation and issued its orders. The abatement orders would thus serve to protect those persons in residence at that time as well as future residents.") But See, Campbell v. Six FifthAvenue Corp., Superior Court, judicial district of Danbury, Docket No. 956978 (September 9, 1996, Mihalakos, J.) (17 Conn.L.Rptr. 274), (the court held, that "once the child is gone, the need for precautionary abatement is eliminated and the abatement order is rendered moot.") General Statutes § 19a-111
provides in part that abatement orders may be necessary "to prevent further exposure of persons to [lead] poisoning." "Clearly, such language is not consistent with vacating abatement orders CT Page 5984 issued when the former subjects of toxic levels have left the premises."Dillon v. Dept. of Public Health, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 570364 (November 30, 1998,McWeeny, J.) (23 Conn.L.Rptr. 73, 76).
This court holds that the fact that there are no children currently residing in the premises, does not deprive this court of subject matter jurisdiction. It would be contrary to public policy and the lead abatement statutes to accept the argument that once a contaminated premises is vacant, the owner may choose not to comply with abatement orders. Therefore, the motion to dismiss is denied on the ground that the court has subject matter jurisdiction to adjudicate the present controversy.
Statute of Limitations
The defendant's next argument in support of his motion to dismiss is that the information was filed after the expiration of the statute of limitations. The statute of limitations is an affirmative defense and "the burden [is] on the defendant to prove the elements of that defense by a preponderance of the evidence." State v. Crawford, 202 Conn. 443,451, 521 A.2d 1034. General Statutes § 53a-26 (a) provides that "[a]n offense for which a person may be sentenced to a term of imprisonment of not more than one year is a misdemeanor." General Statutes § 54-193 (b) provides that "[n]o person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d, except within one year next after the offense has been committed." "[T]he purpose of a statute of limitations is to ensure a timely commencement of prosecution. . . ." (Internal quotation marks omitted.) State v. Ali, 233 Conn. 403, 413, 660 A.2d 337
(1995).
Because the defendant is charged with committing a misdemeanor, the state had one year to bring the charges against him. The defendant argues that the one year statute of limitations has expired because the date of the violation was April 4, 1997, and the order was issued to him over one year later on September 8, 1998. Furthermore, the defendant argues that the commencement of the present action was over two years after the April 4, 1997 violation.
The defendant fails to provide authority to support his argument that the statute of limitations began to run on April 4, 1997, the date of the first inspection, rather than on June 22, 1999, the date that he allegedly violated the lead abatement statutes. See State v. Ahern,
Superior Court, judicial district of New Haven Housing Session at New Haven, Docket No. CRNH 9106-1197 (June 24, 1996, Jones, J.) CT Page 5985 (16 Conn.L.Rptr. 526, 527), appeal dismissed, 42 Conn. App. 144,678 A.2d 975 (1996) (holding that the one year statute of limitations had not expired because the informations specified that fire code violations occurred on May 23, 1991, and the defendants were charged on June 11, 1991). Furthermore, the defendant "[does] not address the issue of the proper date for calculating a limitations period in a situation where the violations are continuing."State v. Ahern, supra, 16 Conn.L.Rptr. 527.
This court holds that the statute of limitations had not run in the instant matter because the violation for which the defendant is charged is a continuing one. Lead paint was first detected on the premises on April 4, 1997, and abatement orders were issued to the owner at that time. In 1998, the property was transferred to a mortgage company by foreclosure and the health division sent abatement orders to the mortgage company at that time. On August 26, 1998, the property was conveyed to the third owner, the defendant, subject to the abatement orders. On September 8, 1998, the health division notified the defendant of the existence of lead paint on the premises and issued abatement orders to the defendant. Pursuant to General Statutes § 19a-111, the defendant was given a specific time period with which to comply with the abatement orders. By June 22, 1999, the abatement orders expired and the defendant had failed to comply. The information and the summons and complaint, which state that the offense date is June 22, 1999, were issued on June 25, 1999, stet within the one year statute of limitations. See State v. Crawford, supra, 202 Conn. 448. Accordingly, the motion to dismiss is denied because the statute of limitations had not expired when the information was issued.
Remaining Grounds
Finally, the defendant moves to dismiss on a variety of other grounds: that there is insufficient evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial; that the law defining the offense charged is unconstitutional or otherwise invalid; and that there are defects in the information.
Notwithstanding the knowledge of the identity of prior owners and the issuance of orders to prior owners, the court has personal and subject matter jurisdiction over the defendant because he is the present owner of the subject property, he had notice that the property contained toxic levels of lead paint and he failed to comply with the health division's orders. Therefore, the underlying pleadings and proffered proof indicate that there was sufficient cause to justify the bringing of the information and placing the defendant on trial, and the proffered proof establishes the lack of defects in the information. Furthermore, because CT Page 5986 the defendant has not provided authority to support his claim that the law defining the offense charged is unconstitutional or invalid, this court denies the motion on that basis.
CONCLUSION
In conclusion, the defendant's motion to dismiss is denied in its entirety because the court has personal and subject matter jurisdiction, the statute of limitations had not expired, there is sufficient cause to justify the information and placing the defendant on trial, there are no defects in the information and there is no evidence that the law defining the offense charged is unconstitutional or otherwise invalid.
Robinson, J.