STATE OF CONNECTICUT *v.* JOSEPH BOOKLESS
(AC 23354)

Dranginis, Flynn and DiPentima, Js.

---

Argued January 21—officially released March 30, 2004

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Proloy K. Das*, deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's

attorney, and *John J. Davenport*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Joseph Bookless, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 and interfering with an officer in violation of General Statutes § 53a-167a. After his conviction, the defendant pleaded guilty to part B of the information, which charged him with being a persistent dangerous felony offender in violation of General Statutes § 53a-40 (a). The defendant was sentenced to a total effective term of twenty-five years of imprisonment with fifteen years of special parole. On appeal, the defendant's sole claim is that the court improperly denied his motion to dismiss the part B information. We affirm the judgment of the trial court.

The following procedural facts are relevant to our review. On May 22, 2000, the defendant was arrested as a result of the robbery of a store and the ensuing struggle with police officers. The defendant initially was charged with robbery in the first degree in violation of § 53a-134, larceny in the sixth degree in violation of General Statutes § 53a-125b, use of drug paraphernalia in violation of General Statutes § 21a-267 (a), two counts of threatening in violation of General Statutes (Rev. to 1999) § 53a-62, interfering with an officer in violation of § 53a-167a and two counts of reckless endangerment in the first degree in violation of General Statutes § 53a-63. The bail commissioner informed the court that the defendant had more than twenty prior felony convictions and recommended bond in the amount of $100,000. The court found probable cause and set bond in the amount of $100,000.

The defendant entered a pro forma not guilty plea and a jury election on June 7, 2000. The state filed a

substitute long form information on August 29, 2000, which reduced the offenses to robbery in the first degree and interfering with an officer. Also on that date, the state filed a part B information alleging that the defendant was a persistent dangerous felony offender who had been convicted twice of predicate offenses exposing him to a potential sentence of life imprisonment.

The defendant objected to the filing of the part B information on the ground that the probable cause hearing should have been held within sixty days of his original arrest. On September 15, 2000, he filed a motion to dismiss the part B information, which the court denied prior to the probable cause hearing on October 4, 2000. The court reasoned that the sixty day requirement of General Statutes § 54-46a ran not from the original arrest date, but from the date that the information exposing the defendant to life imprisonment was filed. The case proceeded to trial before a jury, which on May 1, 2002, found the defendant guilty of robbery in the first degree and interfering with an officer. Thereafter, the defendant pleaded guilty to the part B information. After a thorough canvass, the court found that the defendant had been convicted of robbery in the first degree on November 8, 1977, and robbery in the second degree on November 14, 1999. The court then accepted the guilty plea. After the imposition of sentence on June 12, 2000, this appeal followed.

The defendant claims that the court improperly denied his motion to dismiss the part B information because the information was filed more than ninety days from his arraignment on the underlying charges. Specifically, he claims that it was improper for the court not to require the state to show good cause for the ninety day delay. This court need not reach that issue because the defendant has waived his right to appeal

from the trial court's denial of his motion to dismiss the part B information.

The defendant had a statutory right to appeal from the denial of his motion to dismiss under General Statutes § 54-94a.[1] Section 54-94a permits a defendant to enter a plea of nolo contendere conditioned on the right to file an appeal from the court's denial of the motion to dismiss. *State* v. *Gilnite*, 202 Conn. 369, 376, 521 A.2d 547 (1987). "Because this right to appeal the denial of a motion to dismiss is statutory, it is accorded *only if* the conditions fixed by the statute are met." (Emphasis added.) Id., 375–76. Consequently, a defendant may appeal from the denial of his motion to dismiss if he enters a plea of nolo contendere and that plea was expressly conditioned on his right to file an appeal from the court's ruling. In the event that those conditions are not met, the defendant's claim is considered waived. See id., 376. Here, the defendant did not enter a nolo contendere plea conditioned on his right to appeal. He entered a plea of guilty.

Generally, "[a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of

---

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

the guilty plea." (Internal quotation marks omitted.) Id., 374 n.4, quoting *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Moreover, that unconditional guilty plea, made knowingly and intelligently, "operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings." *State* v. *Madera*, 198 Conn. 92, 97, 503 A.2d 136 (1985). It is true that a plea, whether conditional or unconditional, does not preclude review of jurisdictional defects. Id., 98 n.6. Here, the defendant makes no claim of jurisdictional defects.

In arguing that he has not waived his right to appeal, the defendant relies on the established authority that the charge of being a persistent felony offender is a sentence enhancement rather than a separate offense. See, e.g., *State* v. *Velasco*, 253 Conn. 210, 221–25, 751 A.2d 800 (2000) (determination of ultimate fact triggering application of sentence enhancement statute is routinely question for jury); *State* v. *Dash*, 242 Conn. 143, 150 n.8, 698 A.2d 297 (1997) (vacating conviction under General Statutes § 53-202k after jury trial, holding that it is sentence enhancement); *State* v. *Groomes*, 232 Conn. 455, 459, 656 A.2d 646 (1995) (defendant appealed after court trial on part B information); *State* v. *Sinclair*, 184 Conn. 215, 216–17, 439 A.2d 945 (1981) (finding of guilt on part B information after court trial). The cases he cites, however, do not stand for the proposition that § 54-94a is inapplicable to a guilty plea entered on a charge of being a persistent felony offender. This court sees no basis for adopting that proposition.

Even if the defendant's claim had not been waived, his argument that the state should have been required to show good cause for not filing the part B information sooner than it did is without merit. The part B information, charging the defendant as a persistent dangerous felony offender, exposed the defendant to a potential

sentence of life imprisonment. Because of that, § 54-46a required that a probable cause hearing be held within sixty days of the filing of the information exposing the defendant to possible life imprisonment. In this case, the part B information was filed on August 29, 2000, and the probable cause hearing began on October 4, 2000. The hearing was held thirty-six days after the filing of the information and, therefore, there clearly was compliance with § 54-46a. Moreover, the defendant has cited, and this court has found, no legal authority requiring the state to show good cause for not filing the part B information any earlier than it did.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] Practice Book § 36-17 provides: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in its discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced." Cf. *State* v. *Wilson F.*, 77 Conn. App. 405, 411, 823 A.2d 406, cert. denied, 265 Conn. 905, 831 A.2d 254 (2003).