STATE OF CONNECTICUT *v.* SCOTT E. RHOADS
(AC 30675)

DiPentima, C. J., and Harper and Pellegrino, Js.

Argued April 12—officially released June 29, 2010

*Martha Hansen,* special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan,* state's attorney, and *Mary Jean Kanabis,* senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Scott E. Rhoads, appeals from the trial court's finding of guilty following his conditional plea of nolo contendere, pursuant to General Statutes § 54-94a, of assault in the third degree in violation of General Statutes § 53a-61, unlawful restraint in the first degree in violation of General Statutes § 53a-95 and threatening in the second degree in violation of General Statutes § 53a-62. On appeal, the

defendant claims that the court improperly denied his motion to dismiss on speedy trial grounds. Because we conclude that the defendant filed a premature appeal and, thus, has not appealed from a final judgment, we dismiss the appeal.

The record reveals the following factual and procedural history. At the time of the plea, the state set forth the following details regarding the defendant's criminal conduct. The victim and the defendant had been in a dating relationship. While at the defendant's residence, the defendant struck the victim in the forehead. This caused swelling. The defendant initially prevented the victim from going into the bathroom but eventually allowed her to do so. When she exited the bathroom, the defendant swung at her, brushing the top of her head. He then head-butted the victim and struck her in the face with both hands. He also told the victim that he would have to kill her. Eventually, the defendant left her, and the victim was able to call for help. As a result of the assault, the victim's left eye was swollen shut and both of her eyes were bruised. Additionally, she suffered a hematoma on her forehead and bruising on her left hand.

Attorney T. J. Morelli-Wolfe represented the defendant following his arrest. The court, *Strackbein, J.*, held a hearing on November 27, 2007, to address the defendant's request to replace Morelli-Wolfe with new counsel. The court stated that a motion for a speedy trial had been filed on behalf of the defendant and had been granted. The defendant then stated: "I withdraw my motion for [a] speedy trial to obtain counsel . . . ." After being questioned by the court, the defendant again indicated that he wanted to withdraw the speedy trial motion and search for new representation. The court stated that it would grant the defendant three weeks to obtain new counsel and that it would hold in abeyance

Morelli-Wolfe's motion to withdraw as counsel until that time.[1]

On January 16, 2008, the court, *Abrams, J.,* held a hearing on Morelli-Wolfe's motion to withdraw as counsel. Judge Abrams noted that the defendant's motion for a speedy trial had been withdrawn. The defendant disputed this statement, and the court reviewed the transcript of the November 27, 2007 proceeding on the record. The court then explicitly stated: "The motion [for a speedy trial] was withdrawn. That's my finding, that [the] motion was withdrawn. We do not have a speedy trial motion pending."[2] The court then granted Morelli-Wolfe's motion to withdraw as counsel for the defendant.

On December 9, 2008, the defendant, then represented by attorney Kevin M. Smith,[3] filed a motion to dismiss on the ground that he had not been brought to trial within thirty days of the filing of his motion for a speedy trial. On December 10, 2008, the court, *Frechette, J.,* held a hearing on the defendant's motion. At this hearing, Smith argued that Morelli-Wolfe, after his motion to withdraw was held in abeyance, had a duty to press forward with the motion for a speedy trial instead of "standing by mutely . . . ." The court ruled that the defendant had withdrawn his motion for a speedy trial. Accordingly, it denied the defendant's motion to dismiss on that basis.

Later that day, the defendant appeared before the court, *McMahon, J.,* and entered a plea of nolo contendere conditioned on the right to appeal from the denial of his motion to dismiss. After conducting a canvass,

---

[1] After the defendant left the courtroom, the court stated that the motion for a speedy trial had been denied.

[2] The state noted that it had been prepared to proceed with its case against the defendant and that "any delays to trial have been a result of the defendant's actions."

[3] Smith filed an appearance on behalf of the defendant on April 9, 2008.

the court accepted the defendant's plea. Smith requested that the imposition of the sentence be stayed until December 30, 2008. The court informed the defendant that its sentence would be imposed on December 30, 2008. After a discussion regarding credit for time served, the court stated: "[T]wo years on the unlawful restraint, one year on the assault third, one year on the threatening second. All to run consecutive. Total effective sentence is four years to serve. Stay the imposition of sentence until [December] 30." The defendant filed the present appeal on December 23, 2008.

On December 30, 2008, Judge McMahon held a hearing and found that the defendant's nolo plea was dispositive. See General Statutes § 54-94a. At this hearing, counsel for the defendant indicated that his appeal had been filed.

On appeal, the defendant argues that the court improperly denied his motion to dismiss because his right to a speedy trial was violated. Because the defendant's appeal was filed prematurely and not taken from a final judgment, we lack jurisdiction to consider the merits of this appeal.

We begin by setting forth our standard of review. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]." (Internal quotation marks omitted.) *Brown & Brown, Inc.* v. *Blumenthal*, 288 Conn. 646, 651–52, 954 A.2d 816 (2008); see also *State* v. *Thomas*, 106 Conn. App. 160, 165–66, 941 A.2d 394, cert. denied, 287 Conn. 910, 950 A.2d 1286 (2008).

"There is no constitutional or common law right to appeal. . . . The right of appeal is purely statutory; *State* v. *Audet*, 170 Conn. 337, 341, 365 A.2d 1082 (1976); and appellate tribunals may hear only those appeals

over which they have been granted jurisdiction by statute. The principal statutory prerequisite to invoking our jurisdiction is that the ruling from which an appeal is sought must constitute a final judgment. See General Statutes §§ 51-197a and 52-263. . . . We cannot hear appeals from preliminary rulings of the trial court . . . . Piecemeal appeals, particularly in criminal proceedings, are not only outside our jurisdiction, but also contravene the long-standing case law of this state and the United States." (Citations omitted; internal quotation marks omitted.) *State* v. *Figueroa*, 22 Conn. App. 73, 75–76, 576 A.2d 553, cert. denied, 215 Conn. 814, 576 A.2d 544 (1990); see *State* v. *Rupar*, 293 Conn. 489, 511, 978 A.2d 502 (2009); *State* v. *Morrissette*, 265 Conn. 658, 663, 830 A.2d 704 (2003); *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, 107 Conn. App. 760, 768, 946 A.2d 896, cert. denied, 289 Conn. 912, 957 A.2d 880 (2008).

Put another way, "the subject matter jurisdiction of the Appellate Court and of this court is governed by . . . § 52-263, which provides that an *aggrieved party* may appeal to the court having jurisdiction from the *final judgment* of the court." (Emphasis in original; internal quotation marks omitted.) *State* v. *Jenkins*, 288 Conn. 610, 617, 954 A.2d 806 (2008); see generally General Statutes § 54-95. It is well established that "[i]n a criminal proceeding, *there is no final judgment until the imposition of a sentence*." (Emphasis added; internal quotation marks omitted.) *State* v. *Garcia*, 233 Conn. 44, 63, 658 A.2d 947 (1995), overruled in part on other grounds by *State* v. *Jacobs*, 265 Conn. 396, 828 A.2d 587 (2003); see also *State* v. *Thomas*, supra, 106 Conn. App. 166.

We now turn to the specific procedural route taken by the defendant in this case. General Statutes § 54-94a

provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant *after the imposition of sentence may file an appeal* within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution." (Emphasis added.) Our Supreme Court has explained that "[b]ecause this right to appeal the denial of a motion to dismiss is statutory, it is accorded only if the conditions fixed by the statute are met." *State* v. *Gilnite*, 202 Conn. 369, 375–76, 521 A.2d 547 (1987); see also *State* v. *Commins*, 276 Conn. 503, 516–17, 886 A.2d 824 (2005); *State* v. *Bookless*, 82 Conn. App. 216, 220, 843 A.2d 675, cert. denied, 269 Conn. 903, 852 A.2d 734 (2004).

The defendant filed his appeal on December 23, 2008. A review of the record, however, reveals that the court did not impose the sentence until December 30, 2008. We have no choice but to conclude that the defendant failed to comply with the explicit requirements of § 54-94a. As a result, we lack jurisdiction to consider the defendant's premature appeal. We acknowledge that the court, *McMahon, J.*, accepted the defendant's nolo plea and discussed the issue of sentencing on December 10, 2008. Nevertheless, imposition of the sentence did not occur until December 30, 2008, after the defendant had filed his appeal.

At oral argument before this court, the defendant argued that the denial of his motion to dismiss, filed

on the ground that he had been denied the right to a speedy trial, terminated a separate and distinct proceeding.[4] In *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), our Supreme Court stated: "In both criminal and civil cases, however, we have determined certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them."

In *State* v. *Ahern*, 42 Conn. App. 144, 145, 678 A.2d 975 (1996), this court concluded that the denial of a motion to dismiss based on speedy trial grounds was not an appealable final judgment. "The denial of the defendants' motion to dismiss on speedy trial and due process of law grounds did not terminate the criminal proceeding because the trial has not yet occurred. Nor does the denial of the motion to dismiss conclude the defendants' rights so that further proceedings cannot affect them because, if the defendants are convicted and sentenced, they could appeal and, at that time, raise the issue of the denial of their motion to dismiss. . . . If, after the defendants are found guilty at trial, an appellate court concludes that the convictions cannot stand as a result of the violation of the defendants' rights to a speedy trial and due process of law, that court could set aside the convictions and remand the cases to the trial court with direction to grant the defendants' motion to dismiss the charges. Because the

[4] On March 30, 2010, prior to the time of oral argument before this court, the appellate clerk's office sent a letter to the parties, stating: "The [c]ourt has directed that you be prepared to address . . . the following issue: 'In light of the mittimus indicating the date of disposition as December 30, 2008, and the appeal form indicating that the appeal was filed on December [23], 2008, was there an appealable final judgment at the time the defendant's appeal was filed?' "

defendants' rights could be vindicated upon appeal from the final judgment in each case, immediate appellate review is not necessary to prevent the loss of the rights involved." (Citations omitted.) Id., 146–47. We also noted that the right to a speedy trial is distinguishable from the right to be free from double jeopardy in the context of the denial of a motion to dismiss and the issue of a final judgment. Id., 147. Last, we stated: "Our Supreme Court has been disinclined . . . to extend the privilege of an interlocutory appeal in criminal cases beyond the double jeopardy circumstance. . . . The denial of the defendants' motion to dismiss on speedy trial . . . grounds is not final for the purpose of appeal." (Citation omitted; internal quotation marks omitted.) Id.

We conclude that the reasoning of *Ahern* applies to the present case. We therefore reject the defendant's argument that the denial of this motion to dismiss concluded a separate and distinct proceeding.

The appeal is dismissed.

In this opinion the other judges concurred.