******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Robinson, C. J., and McDonald, D'Auria,
Mullins, Ecker and Alexander, Js.

*Syllabus*

The defendant appealed from the trial court's denial of his motion to dismiss a murder charge that the state had reinstituted against him after his first prosecution was terminated when the trial court accepted the state's entry of a nolle prosequi and denied, without prejudice, an earlier motion to dismiss in the first prosecution. The state had entered the nolle prosequi pursuant to statute (§ 54-56b) on the basis of the disappearance of two witnesses the state deemed material to its prosecution of the defendant. In the second prosecution, which was commenced approximately eight months after the first prosecution was terminated, the defendant, in support of his motion to dismiss, claimed, inter alia, that new evidence detailed in the indictment in the second prosecution established that the missing witnesses were not material and that the state had violated his right to a speedy trial by intentionally delaying the prosecution. *Held*:

The trial court's denial of the defendant's motion to dismiss the murder charge in the second prosecution did not constitute a final judgment, and, accordingly, this court dismissed the defendant's appeal for lack of jurisdiction:

This court has consistently held that the denial of a motion to dismiss based on speedy trial grounds is not a final judgment and does not constitute an immediately appealable interlocutory ruling under the first prong of the test set forth in *State* v. *Curcio* (191 Conn. 27), as the denial of a motion to dismiss based on speedy trial grounds does not terminate the underlying criminal proceedings.

Moreover, the defendant could not prevail on his claim that, because the trial court in the first prosecution denied his motion to dismiss without prejudice, the trial court's denial of the motion to dismiss in the second prosecution was appealable under the first prong of *Curcio*, the defendant having failed to cite authority supporting the proposition that such a combination of rulings led to the termination of a separate and distinct proceeding when the state refiled the murder charge against him and the trial court again declined to dismiss it.

Furthermore, the defendant failed to establish his right to an immediate appeal under the second prong of *Curcio*, under which an otherwise interlocutory ruling is appealable when the ruling so concludes the rights of the parties that further proceedings cannot affect them, as the defendant could challenge on appeal the denial of his motion to dismiss on speedy trial grounds if he is convicted, and a reviewing court could find that his right to a speedy trial was violated, reverse his conviction, and remand with direction to grant his motion to dismiss, and, therefore, immediate appellate review was not necessary to prevent the loss of the defendant's rights.

Argued December 21, 2022—officially released May 10, 2023*

*Procedural History*

Substitute information, in the first case, charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Waterbury, where the court, *Hon. Roland D. Fasano*, judge trial referee, accepted the state's entry of a nolle prosequi and denied the defendant's motion to dismiss; thereafter, substitute information in the second case, charging the defendant with the crimes of murder, reckless

endangerment in the first degree, carrying a pistol without a permit, illegal discharge of a firearm and criminal possession of a pistol or revolver, brought to the Superior Court in the judicial district of Waterbury, where the court, *Iannotti*, *J.*, denied the defendant's motion to dismiss, and the defendant appealed. *Appeal dismissed*.

*Laila M. G. Haswell*, senior assistant public defender, with whom, on the brief, was *John Cizik*, *Jr.*, senior assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Terence D. Mariani, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

D'AURIA, J. In this interlocutory appeal, the defendant, Erick Malone, asks this court to determine whether the trial court erroneously denied his motion to dismiss criminal charges the state has reinstituted against him after the state previously entered and the trial court accepted a nolle prosequi on the ground that the state was unable to locate material witnesses. More specifically, the defendant claims that the trial court erred in denying his motion because the state intentionally had delayed the prosecution in violation of his right to a speedy trial. We do not address the merits of this claim because we agree with the state that the denial of the defendant's motion to dismiss does not constitute a final judgment. Accordingly, we dismiss this appeal for lack of jurisdiction.

The following facts and procedural history are relevant to this appeal. On January 6, 2017, the defendant was arrested pursuant to a warrant and charged with murder in violation of General Statutes § 53a-54a, reckless endangerment in the first degree in violation of General Statutes § 53a-63, carrying a pistol without a permit in violation of General Statutes § 29-35 (a), unlawful discharge of a firearm in violation of General Statutes § 53-203, and criminal possession of a firearm in violation of § 53a-217c (first prosecution).[1] These charges related to the November 5, 2016 shooting death of Jahliek Dieudonne. The defendant's privately retained counsel, Tara L. Knight, thereafter filed a motion for a speedy trial, which the court, *Crawford, J.*, granted. Days later, jury selection began.

After completion of jury selection, but before the jury was sworn and evidence began, the state sought to enter a nolle of this prosecution, pursuant to General Statutes § 54-56b,[2] based on the disappearance of two witnesses. Specifically, the state asserted that the two witnesses had told the police that they were with the defendant shortly after Dieudonne's death and that he admitted to shooting the victim. The state also represented that the two witnesses had informed the police that the defendant said that he needed to get out of town, specifically, to New York, and that he wanted to burn his car. One of the two witnesses, the state related, also had told the police that the defendant gave him the jacket that the defendant was wearing at the time of the shooting. The state further represented to the trial court that it had searched extensively for the two witnesses, including, but not limited to, visiting all known addresses, contacting relatives and known associates of the witnesses, and surveying the neighborhoods that the witnesses frequented. The state also asserted that the witnesses were material to the case, as they were friends of the defendant who had no motive to fabricate their testimony that the defendant had admitted to them his responsibility for the shooting.

Knight objected to the entry of a nolle prosequi and requested, in the alternative, that the court dismiss the charges or grant a continuance of the trial, although she did not specify the length of the requested continuance. Specifically, Knight argued that the state had failed to establish that the missing witnesses were material to its case and contended that entering the nolle would violate the defendant's constitutional right to a speedy trial, which he had just exercised by filing a motion for a speedy trial that the court then granted. As to the missing witnesses' materiality, defense counsel argued that the missing witnesses were not necessary to the state's case because another eyewitness was available to testify, and the state also had consciousness of guilt evidence it could propound. As to the speedy trial claim, Knight argued that the first prosecution had been pending for one and one-half years when the defendant filed his speedy trial motion, the jury already had been selected, and evidence was supposed to begin the following day.

The trial court, *Hon. Roland D. Fasano*, judge trial referee, accepted the nolle prosequi and denied the defendant's motion to dismiss "without prejudice." In so ruling, the court stated: "If, in fact, this case is reinstituted at some later point, I think there are some significant issues as to whether or not that should be allowed, but, for now, the nolle is noted. . . . The prosecution is not going forward. The dismissal's without prejudice,[3] so you can raise this again, and that's where we'll stand." (Footnote added.) The prosecutor then stated that, "despite our efforts . . . to locate these people, at this point, we have no leads that we're kind of waiting on. I intend to kind of regroup and see if we can find any other avenues." The court responded that "there are a few issues we're all concerned about. Whether or not— there's a thirteen month limit, whether or not, if you— if you, at some later date, come up with witnesses, particularly in the face of a speedy trial and all the proceedings to this point, there's some real issues, but that's where I'm leaving it right now."

Approximately eight months later, the defendant was rearrested and charged in a new indictment with a single count of murder (second prosecution). The defendant, now represented by the Office of the Public Defender, moved to dismiss the second prosecution, arguing that new evidence described in the new indictment proved that the missing witnesses from the first prosecution were not material because they were not included in the new arrest warrant. Rather, the state had discovered the new evidence (a different eyewitness to the crime) the day after the court accepted the nolle in the first prosecution. The defendant claimed that the new arrest warrant showed that the state intentionally had delayed the prosecution in violation of his right to a speedy trial. The defendant also claimed that, because of the

state's delay in the prosecution, he lost the ability to have the counsel of his choice represent him at trial, as he could no longer afford to pay Knight, whom he had hired during the first prosecution.

The trial court, *Iannotti, J.*, denied the motion to dismiss and, in a memorandum of decision, ruled that the defendant's right to a speedy trial was not violated, as a nolle prosequi leaves a defendant "free and unencumbered by the nolled charge . . . ." (Emphasis omitted; internal quotation marks omitted.); see *State* v. *Smith*, 289 Conn. 598, 611, 960 A.2d 993 (2008). Judge Iannotti explained that, in terminating the first prosecution by accepting the nolle prosequi, Judge Fasano was entitled to rely on the state's representations that there were two material witnesses who had disappeared. Judge Fasano was not required to take evidence or make findings of fact and was not permitted to substitute his judgment for that of the prosecutor. Judge Iannotti also determined that the entry of a nolle in the first prosecution was not contrary to the manifest public interest, as the state had clearly established that the two witnesses were material and could not be located. Finally, as to the defendant's right to counsel claim, Judge Iannotti ruled that the defendant's right to counsel of choice was not violated, as a defendant may not insist on representation by an attorney he cannot afford to pay. The defendant appealed to the Appellate Court, challenging Judge Iannotti's denial of his motion to dismiss the second prosecution.

Before filing his appellate brief, the defendant filed a motion for permission to file a late appeal of Judge Fasano's May 7, 2018 ruling denying his motion to dismiss in the first prosecution. The state filed a timely opposition. We then transferred the defendant's appeal of Judge Iannotti's ruling to this court and assumed jurisdiction over the defendant's motion for permission to file a late appeal. See General Statutes § 51-199 (c) and Practice Book § 65-1. We took no action on the defendant's motion other than to provide the parties in this appeal the opportunity in their appellate briefs to supplement the reasons contained in their respective filings regarding that motion.

In a separate order issued today, this court has denied the defendant's motion for permission to file a late appeal. See *State* v. *Malone*, 346 Conn. 1012, 1012, A.3d (2023). What remains at issue, therefore, is only the defendant's interlocutory appeal challenging Judge Iannotti's denial of his motion to dismiss in the second prosecution. We now dismiss this appeal for a lack of subject matter jurisdiction because Judge Iannotti's order was not a final judgment.

"[E]xcept insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review . . . appellate jurisdiction is limited to final judgments of the trial court."

(Citations omitted; internal quotation marks omitted.) *State* v. *Garcia*, 233 Conn. 44, 63, 658 A.2d 947 (1995), overruled in part on other grounds by *State* v. *Jacobs*, 265 Conn. 396, 828 A.2d 587 (2003). "In a criminal proceeding, there is no final judgment until the imposition of a sentence. . . . The general rule is . . . that interlocutory orders in criminal cases are not immediately appealable." (Citations omitted; internal quotation marks omitted.) *State* v. *Fielding*, 296 Conn. 26, 36, 994 A.2d 96 (2010). However, we have recognized that certain interlocutory orders may be final judgments for appeal purposes if they fit within either prong of the test established in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Under *Curcio*, "[a]n otherwise interlocutory order is appealable in two circumstances: (1) [when] the order or action terminates a separate and distinct proceeding, or (2) [when] the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

In the present case, the state contends that the denial of the defendant's motion to dismiss the second prosecution was not an appealable final judgment under either prong of *Curcio* because the trial court's denial of the defendant's motion to dismiss the second prosecution did not terminate the underlying criminal proceeding, and the defendant has failed to identify a right that he presently holds in the pending case that will be irretrievably lost if he is not permitted to appeal immediately. The defendant counters that Judge Iannotti's ruling constitutes a final judgment because, if he is not allowed to appeal the trial court's denial of his motion to dismiss the second prosecution before trial, he will face the irreparable harm of being harassed by the state by being charged again after his speedy trial rights were granted by the court in the first prosecution and then taken away by the state through its use of the missing witness nolle. He also argues that, "until jeopardy attaches, this court has jurisdiction to hear the appeal." We agree with the state that the defendant has failed to satisfy either prong of *Curcio*.

We have held that *Curcio*'s first prong "demands that the proceeding [that] spawned the appeal be independent of the main action. . . . This means that the separate and distinct proceeding, though related to the central cause, must be severable therefrom. The question to be asked is whether the main action could proceed independent of the ancillary proceeding." (Internal quotation marks omitted.) *State* v. *Bemer*, 339 Conn. 528, 537, 262 A.3d 1 (2021). Applying this standard, we have consistently held that the denial of a motion to dismiss based on speedy trial grounds is not a final judgment. See, e.g., *State* v. *Anderson*, 318 Conn. 680, 698–99 n.6, 122 A.3d 254 (2015); *State* v. *Parker*, 194 Conn. 650, 652 n.4, 485 A.2d 139 (1984); see also *United States* v. *MacDonald*, 435 U.S. 850, 857, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978). Nor is it an immediately appealable

interlocutory ruling under the first prong of *Curcio* because the denial of a defendant's motion to dismiss on speedy trial grounds does not terminate the underlying criminal proceedings, as a trial has not yet occurred. See *State* v. *Ahern*, 42 Conn. App. 144, 146, 678 A.2d 975 (1996).

Nevertheless, the defendant argues that, in this case, because the trial court denied his motion to dismiss the first prosecution without prejudice, that matter was not finally concluded until the trial court denied his motion to dismiss the second prosecution. The denial of the motion to dismiss the second prosecution, he contends, "terminate[d] a separate and distinct proceeding," permitting an interlocutory appeal under the first prong of the *Curcio* test. We are not persuaded by this novel argument, which appears to be no more than an attempt to use this appeal to revive his claim that Judge Fasano erroneously denied his earlier motion to dismiss the first prosecution. The defendant could have appealed the entry of the nolle when Judge Fasano accepted it in the first prosecution and at the same time denied the defendant's motion to dismiss the murder charge. See *State* v. *Lloyd*, 185 Conn. 199, 207, 440 A.2d 867 (1981) ("[a]lthough no immediate appeal would ordinarily lie solely from the entry of a nolle prosequi . . . or solely from the denial of a speedy trial claim . . . this case is different" (citations omitted)). He did not appeal, however, and this court today denied his motion for permission to file a late appeal that ruling for failure to establish good cause. See *State* v. *Malone*, supra, 346 Conn.      .

The defendant cites no authority for the proposition that this combination of rulings—the trial court's acceptance of the nolle and the denial of the motion to dismiss the first murder prosecution "without prejudice"— leads somehow to the termination of a separate and distinct proceeding under the first prong of *Curcio* when the state refiled the murder charge against him and the trial court again declined to dismiss it. The defendant appears to argue that this "separate and distinct" proceeding remained pending during the eight months between the trial court's acceptance of the nolle of the first prosecution and the state's commencement of the second prosecution against him. Like the defendant, we know of no support for this position. Thus, we once again hold that the denial of a motion to dismiss on speedy trial grounds is not a final judgment under the first prong of *Curcio*. See *State* v. *Anderson*, supra, 318 Conn. 698–99 n.6.

As for the second prong of *Curcio*, an otherwise interlocutory appeal is reviewable "[when] the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31. The second prong of *Curcio* focuses on "the potential harm to the appellant's rights. A presen-

tence order will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial." (Internal quotation marked omitted.) Id., 33–34. But when the underlying claim involves the defendant's right to a speedy trial, the second prong of *Curcio* is not satisfied because, if the defendant is found guilty and sentenced, he can then appeal the court's denial of his motion to dismiss on speedy trial grounds. See *State* v. *Ahern*, supra, 42 Conn. App. 146–47 (distinguishing for *Curcio* purposes right to speedy trial from right to be free from double jeopardy, which includes guarantee against being put to trial twice for same offense). An appellate court can find that his right to a speedy trial had been violated, reverse his conviction, and remand the case to the trial court with direction to grant the defendant's motion to dismiss. As a result, the defendant's rights in this case are not so concluded that further proceedings cannot affect him. The defendant's rights can be vindicated on appeal, and, therefore, "immediate appellate review is not necessary to prevent the loss of the rights involved." Id.; see also *State* v. *Anderson*, supra, 318 Conn. 698–99 n.6.

Despite this well established case law, the defendant argues that he faced irreparable harm when the state recharged him after the trial court accepted the nolle in the first prosecution. He contends that the state's actions contravene the purpose of the missing witness nolle statute, which he explains is intended "to prevent harassment of a defendant by charging, dismissing, and [recharging] without placing a defendant in jeopardy." *United States* v. *Cox*, 342 F.2d 167, 171 (5th Cir.), cert. denied sub nom. *Cox* v. *Hauberg*, 381 U.S. 935, 85 S. Ct. 1767, 14 L. Ed. 2d 700 (1965). This argument is one that the defendant may seek to raise on appeal if he is convicted after trial, however. Although the first prosecution is terminated, that does not mean that the defendant cannot raise a speedy trial claim on appeal from the second prosecution. If he does, nothing prevents him from maintaining that the state's actions in the first prosecution should inform any appellate review of the trial court's rejection of his speedy trial claim in the second prosecution. We express no opinion about the strength of such an argument, but the fact that he can seek to raise it rebuts any argument that the defendant faces irreparable harm if this court does not address the trial court's denial of his motion to dismiss the second prosecution.

Because the defendant has failed to satisfy either prong of *Curcio*, we dismiss the appeal for lack of jurisdiction.

The appeal is dismissed.

In this opinion the other justices concurred.

* May 10, 2023, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] In a substitute information, the state later charged the defendant with a single count of murder. The court file of the first prosecution was mistakenly

deemed erased and destroyed, but the trial court granted the defendant's motion to reconstruct the file and to restore it as a public record.

[2] General Statutes § 54-56b provides: "A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[3] The trial court clearly must have meant that its denial of the defendant's motion to dismiss was without prejudice, as it was not dismissing the case.

———————————————