IN RE ANTHONY E. ET AL.*
(AC 26420)

Bishop, McLachlan and Gruendel, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued January 4—officially released July 11, 2006

*Gary J. Wilson,* for the appellant (respondent father).

*Raymond J. Rigat,* for the appellee (respondent mother).

*Thomas A. Esposito,* guardian ad litem for the minor children.

GRUENDEL, J. The respondent father appeals from the judgment of the trial court modifying a prior custody order and granting shared physical custody of his two minor children to the respondent mother.[1] On appeal, the father claims that the court (1) improperly found a material change in the mother's circumstances and (2) abused its discretion when it modified the original order of custody without making a finding that doing so was in the children's best interests. Because we agree with the second claim, we reverse the order of the trial court.

The following facts and procedural history are necessary for the resolution of the father's appeal. The respondents are the biological parents of two minor children. On March 7, 2002, the court adjudicated the children uncared for while they were in the custody of the mother and awarded primary physical custody to the father. The court also simultaneously awarded joint legal custody and joint guardianship to both parents.[2] On September 1, 2004, the mother filed a motion for a modification of the order, seeking physical custody of the two children. On September 28, 2004, the court modified the custody order and transferred primary custody to the mother. At this time, the court also noted that "all future modifications are to be brought in [the] family relations session of Superior Court." That order subsequently was vacated on December 14, 2004. Thereafter, the court heard the petition on March 3, 2005, and found that there was a material change in the mother's

[1] The court order presently on appeal arises from a petition by the mother to transfer physical custody of the children to her, thereby modifying a prior order granting the father primary physical custody.

[2] In the underlying action, the commissioner of the department of children and families (commissioner) brought a neglect petition against both parents. We note that in resolving the petition, the court did not award guardianship to the commissioner.

circumstances. The court then modified the custody order, giving the parties shared physical custody, while legal custody and guardianship remained with both parties. It is from this modification of the custody order that the father appeals.

As a threshold matter, we first consider whether there is an adequate record for review. An adequate record generally includes either a memorandum of decision or a transcript signed by the trial judge; Practice Book § 64-1; and the appellant bears the responsibility of providing such. *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); Practice Book § 60-5. The father did not provide this court with either a written memorandum of decision or a signed transcript. He did provide, however, an unsigned transcript of the proceedings. On occasion, we will entertain appellate review of an unsigned transcript when it sufficiently states the court's findings and conclusions. *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232 (2003), cert. denied, 266 Conn. 909, 832 A.2d 74 (2003). We have reviewed the transcript of this case and find that it is adequate for our review.

We now turn to the prevailing law on custody modification. The authority of the court to modify custody orders is found in General Statutes § 46b-56 (b),[3] which provides in relevant part that "[i]n making or modifying any order with respect to custody or visitation, the court shall . . . be guided by the best interests of the

[3] We note that as the court ordered further action in this case to occur in the family relations section of the Superior Court and the guardianship of the children remained with the parents and not the commissioner of the department of children and families, General Statutes § 46b-56 is the controlling statute. Cf. *In re Stacy G.*, 94 Conn. App. 348, 352 n.4, 892 A.2d 1034 (2006) (discussing situations in which guardianship of child has been committed to party other than child's biological parents).

child . . . ."[4] "Before a court may modify a custody order, it must find that there has been a material change in circumstance since the prior order of the court, but the ultimate test is the best interests of the child." (Internal quotation marks omitted.) *Kennedy* v. *Kennedy*, 83 Conn. App. 106, 113, 847 A.2d 1104, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004).

I

The father first claims that the court improperly found a material change in the mother's circumstances. We disagree.

We begin by setting forth our standard of review. "When the factual basis of the trial court's decision is challenged on appeal, the role of this court is to determine whether the facts set out in . . . the decision . . . are clearly erroneous." (Internal quotation marks omitted.) *Lambert* v. *Donahue*, 78 Conn. App. 493, 507, 827 A.2d 729 (2003). "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Arena* v. *Arena*, 92 Conn. App. 463, 466, 885 A.2d 765 (2005).

After reviewing the record, we conclude that the court's finding of a material change in the mother's circumstances is supported by the evidence. The court

---

[4] General Statutes § 46b-56 (b) was revised effective October 1, 2005, by Public Acts 2005, No. 05-258, § 3. It now provides in relevant part that "the rights and responsibilities of both parents shall be considered and the court shall enter orders accordingly that serve the best interests of the child . . . ." The requirement that the court's decision ultimately serve the best interests of the child, therefore, remains unchanged.

had before it the testimony of the respondents and a representative of the department of children and families, as well as a social study conducted by the department of children and families. "[I]t is the trier's exclusive province to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony." (Internal quotation marks omitted.) *Lowe* v. *Shelton*, 83 Conn. App. 750, 765, 851 A.2d 1183, cert. denied, 271 Conn. 915, 859 A.2d 568 (2004). From the evidence, the court identified at least six factors indicating a material change in the mother's circumstances. Specifically, the court made findings that she currently has adequate living conditions, is compliant with her mental health program, has her substance abuse issues under control, is currently employed and had been for a substantial period, has adequate income and has sufficient child care arrangements. On the basis of the record before us, we do not disturb the court's finding that a material change in the mother's circumstances occurred.

## II

The father next claims that the court abused its discretion by modifying the custody order without making a finding that doing so was in the children's best interests. We agree.

The sole question is whether the trial court abused its discretion in deciding that the best interests of the children would be served by the modification. "The trial court [has] the advantage of observing the witnesses and the parties. Considerable evidence [normally is] presented concerning the activities of the parties since [the rendering of the original judgment]. . . . [W]hether the best interests of the [children] dictate a change of custody is left to the broad discretion of the

trial court. . . . A mere difference of opinion or judgment cannot justify the intervention of this court. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." (Internal quotation marks omitted.) *Kennedy* v. *Kennedy*, supra, 83 Conn. App. 113. "In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Notwithstanding the great deference accorded the trial court in [custody] proceedings, a trial court's ruling on a modification may be reversed if, in the exercise of its discretion, the trial court applies the wrong standard of law." (Citation omitted.) *Williams* v. *Williams*, 276 Conn. 491, 497, 886 A.2d 817 (2005).

It is well established that a conflict between parents as to custody "is best resolved by placing the burden on the noncustodial parent to prove by a fair preponderance of the evidence that a transfer of custody is in the best interests of the children." *Cookson* v. *Cookson*, 201 Conn. 229, 239, 514 A.2d 323 (1986). Here, the court failed to make a finding that a modification of the custody order would be in the children's best interests. Instead, after stating that it was modifying the order to provide for shared physical custody, the court stated that it "hasn't found by a preponderance of the evidence one way or another whether it is in [the children's] best interest for a change in custody or guardianship to occur."[5] The court, therefore, explicitly found that the mother did not meet her burden under § 46b-56 (b) by

---

[5] When counsel for the father inquired of the court how it justified changing the custody order without making a best interests finding, the court attempted to downplay the nature of its order by pointing out that the father still had shared custody. We note that even a minor change in the custody arrangement is sufficient to require compliance with § 46b-56, which applies to "making or modifying *any* order with respect to custody . . . ." (Emphasis added.)

showing that a custody modification was in the children's best interests. Consequently, we conclude that the court misapplied the law and abused its discretion when modifying the custody arrangement.

The judgment is reversed and the case is remanded with direction to deny the respondent mother's motion to modify the court's order as to custody of the children.

In this opinion the other judges concurred.