******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MATTHEW M. MARTOWSKA *v.* KATHRYN R. WHITE
(AC 35208)

Robinson, Sheldon and Harper, Js.*

*Argued October 10, 2013—officially released April 8, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Epstein, J. [judgment]; Carbonneau, J.
[postjudgment orders]; Westbrook, J. [motion to
enforce; motion to release psychological evaluations].)

*Matthew M. Martowska*, self-represented, the appel-
lant (plaintiff).

*Kerry A. Tarpey*, for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, Matthew M. Martowska, has been engaged in ongoing postjudgment litigation with the defendant, Kathryn R. White, with respect to visitation with and custody of their minor child. In this appeal, the plaintiff claims that the trial court erred by denying his motion to enforce the visitation orders set forth in its memorandum of decision dated October 9, 2007, and in ordering the release of a psychological evaluation of the plaintiff to which he submitted pursuant to subsequent temporary visitation orders that he claims have expired and become moot. We disagree and, thus, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On October 19, 2005, the plaintiff filed a custody application requesting, inter alia, joint custody of his and the defendant's minor child, and an order establishing a visitation schedule with the child. Attorney Barry F. Armata was appointed as the guardian ad litem for the minor child. During the next two years, the parties reached several agreements—subsequently entered as court orders—regarding custody and visitation. In 2007, the parties sought final custody and visitation orders from the court.

On October 9, 2007, after a bench trial, the court issued a memorandum of decision that included visitation and custody orders (October, 2007 decision). The court therein ordered that the parties share joint legal custody, but that the child reside primarily with the defendant. In addition, the court ordered that visitation take place in accordance with a detailed visitation schedule contained therein. The court also ordered: "[N]o motion for modification will be entertained unless the filing party has procured the granting of a request for leave to modify under Practice Book [§] 25-26 . . . ."[1]

For more than two years following the October, 2007 decision, neither party filed any motions in this case. In February, 2010, however, the plaintiff was involved in a domestic incident with a third party that resulted in his arrest and the issuance of a protective order that prevented him from seeing the parties' child.[2] The protective order later was modified on June 28, 2011, to allow him visitation in accordance with the October, 2007 decision. The plaintiff subsequently filed a motion for contempt, alleging that the defendant had refused to give him access to the child. The parties then entered into a series of stipulated agreements, all of which were later entered as court orders.

On August 30, 2011, the parties entered into a further agreement whereby the plaintiff would have supervised visitation.[3] The court accepted this agreement and made it an order of the court. The plaintiff engaged in supervised visitation pursuant to this agreement.[4] While such supervised visits still were taking place, the plaintiff

filed another motion for contempt on January 13, 2012, in which he argued that the defendant was not following the visitation orders in the October, 2007 decision. In that motion, the plaintiff requested that the visitation orders in the October, 2007 decision be enforced. The court disposed of this motion by entering a February 7, 2012 agreement of the parties as a court order, in which the parties agreed to undergo psychological evaluations "for custodial/parenting plan purposes."[5]

After almost one year of supervised visitation pursuant to the latter agreement, Armata determined that supervised visits were no longer necessary and submitted proposed orders to the court, which were later adopted as "temporary" court orders on August 13, 2012 (temporary orders). The temporary orders established a new visitation schedule under which the plaintiff's future visitation would increase every four weeks until, ultimately, the child was permitted to stay with the plaintiff overnight. The final step of the new schedule provided that "[f]ollowing those [four weeks of] overnight [visits], and after completion of the psychological evaluation . . . previously ordered by this court, the parties will then get into an alternating weekends schedule, plus additional time as arranged." The temporary orders also provided that there would be "an evidentiary hearing in September, 2012, after the results of [the psychological] evaluation[s] have been received to determine if any changes to the parenting plan need to be made." Both parties underwent psychological evaluations, but the plaintiff refused to release the results of his evaluation, citing privacy concerns. As a result, the psychological evaluations never were released to the parties.[6]

On October 25, 2012, the plaintiff filed a motion to enforce the October, 2007 decision, reasoning that the temporary orders had "expired" because the four weeks of overnight visits had been completed without incident, and thus the psychological examinations therein referenced had become moot.[7] By this motion, the plaintiff made a second request that the parties return to the visitation and custody plan outlined in the October, 2007 decision. At the November 7, 2012 hearing on the motion to enforce, the plaintiff also asserted that any modifications to the original October, 2007 decision were invalid because neither party sought leave of the court, and, as a result, the visitation schedule in the October, 2007 decision should be enforced. The court denied the plaintiff's motion to enforce, noting that the October, 2007 decision "is still valid . . . but we're not going back to the parenting and custody plan that is in place there."[8] Thereafter, following a hearing on January 16, 2013, the court granted the defendant's motion to release the plaintiff's psychological evaluation over the plaintiff's objection and ordered the plaintiff to release his evaluation. That order was stayed pending this appeal.[9] On appeal, the plaintiff claims that (1)

the court improperly denied his motion to enforce the visitation schedule in the October, 2007 decision because there were never any valid modifications made to that schedule, and (2) his psychological evaluation is either moot or irrelevant, and therefore the court erred by ordering that it be released.[10]

I

The plaintiff claims that the court erred in denying his motion to enforce the October, 2007 decision because there were no valid modifications to the visitation schedule contained in the October, 2007 decision. The plaintiff asserts that because neither party sought leave of the court to file a motion to modify pursuant to Practice Book § 25-26 (g), as required by the October, 2007 decision, all modifications to the original visitation schedule are invalid. Therefore, the plaintiff argues, absent any valid modifications, the visitation schedule detailed in the October, 2007 decision should be enforced. The plaintiff, however, never filed timely appeals from the modification orders that he now challenges, and therefore his claim fails.

The plaintiff's argument that the court erred in denying his motion to enforce the visitation schedule contained in the October, 2007 decision rests on the validity of the modifications that the court ordered subsequent to that decision. After the protective order was lifted, the court ordered two modifications to the visitation schedule contained in the October, 2007 decision. First, on August 30, 2011, the court ordered supervised visitation. Second, on August 13, 2012, the court entered the temporary orders. Both of these orders were final judgments, from which the plaintiff had twenty days to appeal. *Brennan* v. *Brennan*, 85 Conn. App. 172, 177–178, 857 A.2d 927 (order temporarily modifying custody final judgment), cert. denied, 271 Conn. 944, 861 A.2d 1177 (2004); but see *Strobel* v. *Strobel*, 73 Conn. App. 428, 434–37, 808 A.3d 698 ("temporary" order without hearing akin to emergency order and not final judgment), cert. denied, 262 Conn. 928, 814 A.2d 383 (2002); Practice Book § 63-1 (appeal must be filed within twenty days of date notice of decision given). The plaintiff did not appeal from either of these orders. It was two months later, on October 25, 2012, when the plaintiff first claimed that these modifications were invalid on the ground that neither party had sought leave of the court. By then, the time to appeal these previous modifications had expired. See Practice Book § 63-1. As a result, the plaintiff cannot now mount a collateral challenge to these modifications through his motion to enforce.[11] We conclude that the court did not err in denying the plaintiff's motion to enforce the visitation orders in the October, 2007 decision, and that the temporary orders, which require the plaintiff to submit to a psychological evaluation for the court's review, currently govern visitation.[12]

## II

The plaintiff next claims that his psychological evaluation is either moot or irrelevant, and, therefore, it was improper for the court to order the evaluation released.[13] In support of his claim, the plaintiff relies on a line of cases applying General Statutes § 46b-6, the statutory basis for the court's authority to order psychological evaluations in pending family matters. We are not persuaded.

The plaintiff argues that the issue is controlled by *Janik* v. *Janik*, 61 Conn. App. 175, 180, 763 A.2d 65 (2000), cert. denied, 255 Conn. 940, 768 A.2d 949 (2001), and *Savage* v. *Savage*, 25 Conn. App. 693, 698–99, 701, 596 A.2d 23 (1991), in which we concluded that the trial courts had abused their discretion when they ordered the parties to submit to postjudgment psychological evaluations. In both cases, the psychological evaluations were ordered after the courts had determined a final visitation schedule. *Janik* v. *Janik*, supra, 180; *Savage* v. *Savage*, supra, 700–701. Those courts, therefore, abused their discretion by ordering those evaluations when there were no longer any motions or matters pending. *Janik* v. *Janik*, supra, 180; *Savage* v. *Savage*, supra, 701. The court ordered the psychological evaluation in the present action, however, for purposes of determining the final visitation schedule, unlike in *Janik* and *Savage*. See *Savage* v. *Savage*, supra, 700 (statutes authorize psychological evaluation in pending family matter because helpful to disposition of case). In any event, because the claim raised here is not whether the psychological evaluation was properly ordered, but whether the court properly ordered its release, *Janik* and *Savage* are inapposite.

The plaintiff also relies on *Ruggiero* v. *Ruggiero*, 76 Conn. App. 338, 819 A.2d 864 (2003), but again his reliance is misplaced. The plaintiff in *Ruggiero* argued that, pursuant to *Savage* and *Janik*, the court improperly ordered a psychological evaluation when there was no family matter pending. Id., 343. In *Ruggiero*, however, we never reached the merits of the plaintiff's argument. Id., 345 ("[i]n the present case, we do not need to address the issue of whether the matter was still a pending family matter when the court ordered the plaintiff to undergo a psychiatric evaluation"). Instead, we concluded that the claim had become moot because the parties had agreed to a visitation schedule that had been entered as an order of the court, and therefore no actual controversy continued to exist. Id., 346–47 ("[i]t is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow" [internal quotation marks omitted]).

The facts of this case do not implicate mootness, as in *Ruggiero*. An actual controversy continues to exist in the present case, namely, establishing a final visitation schedule that is in the best interest of the child. The fact that the court was able to issue the temporary orders without considering the plaintiff's psychological evaluation does not render that evaluation moot as the plaintiff argues. Mootness does not depend on the relevance or necessity of the evaluation; it depends on whether an actual controversy exists between the parties. Id., 347. Here, a controversy continues to exist, and therefore the plaintiff's arguments based on *Ruggerio* fail. We are not persuaded that the plaintiff's psychological evaluation was either moot or irrelevant, and therefore conclude that the court did not abuse its discretion by ordering the evaluation released.[14]

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of the judges reflects their seniority status on this court as of the date of oral argument.

[1] Practice Book § 25-26 (g) provides in relevant part: "[U]pon or after entry of a judgment or final order of custody and/or visitation . . . the judicial authority may order that any further motion for modification of a final custody or visitation order shall be appended with a request for leave to file such motion . . . ."

[2] The criminal charges filed against the plaintiff in relation to this incident were dismissed.

[3] The plaintiff indicates that, although he felt that the October, 2007 decision still governed visitation, he entered into the August 30, 2011 agreement "in an effort to provide the [defendant] an opportunity to regain comfort and reassurance" after the domestic incident.

[4] Reports from the supervised visitation program indicated that the staff had no concerns regarding the plaintiff: "This worker has always found [the plaintiff] to be polite, pleasant, and much focused on his visits. It should be noted that [the plaintiff] continues to come in very prepared for his visits with healthy meals, appropriate games, and demonstrates a very loving parent-child relationship."

[5] In a subsequent July 10, 2012 agreement, the parties substituted another doctor for the one named in the original February 7, 2012 agreement. This subsequent agreement did not purport to affect the purpose of the evaluations, which was to establish a visitation plan in response to the plaintiff's motion for contempt.

[6] Although not directly released to the parties, the evaluations have been filed with the court. Due to the plaintiff's objections and this pending appeal, however, the court and the parties have refrained from reviewing them.

[7] Prior to this time, the plaintiff was represented by counsel. The plaintiff filed this motion as a self-represented party and continues to be self-represented during this appeal.

[8] The plaintiff avers that the court erroneously denied his motion to enforce based on a substantial change in circumstances. The plaintiff's motion was substantively a motion to modify visitation, and the court considered it as such. The plaintiff's motion asked the court to modify the existing visitation scheduled under the temporary orders by enforcing the visitation schedule contained in the October, 2007 decision. The court recognized that the October, 2007 decision was not the visitation schedule in place, and that "the standard [to modify visitation] is that there be a substantial change in circumstances." This is the appropriate standard for modifying visitation, and therefore the plaintiff's argument is without merit. See *In re Anthony E.*, 96 Conn. App. 414, 418, 900 A.2d 594, cert. denied, 280 Conn. 914, 908 A.2d 535 (2006).

[9] The plaintiff initially appealed the court's denial of his motion to enforce. He then amended his appeal to include the trial court's order releasing his psychological evaluation.

[10] The plaintiff also claims that, because his psychological evaluation is

either moot or irrelevant, the court improperly denied his motion to enforce. This claim is based on the plaintiff's view that the temporary orders were a "transition back to the original parenting plan" contained in the October, 2007 decision. The plaintiff's logic appears to be that the visitation schedule in the October, 2007 decision would have been enforced after two events occurred pursuant to the temporary orders: (1) he completed the series of four week visitation schedules, and (2) the court considered his psychological evaluation. The plaintiff reasons that, because his psychological evaluation is either moot or irrelevant, there is only one remaining condition precedent to "transitioning" back to the visitation schedule in the October, 2007 decision—completing the series of four week visitation schedules. Moreover, the plaintiff argues that because he has completed the series of visitation schedules the court should "transition back to the original parenting plan" and enforce the visitation schedule in the October, 2007 decision. The plaintiff's reasoning is flawed.

An original custody order remains undisturbed until a subsequent modification is granted, and the court alters custody. *Savage* v. *Savage*, 25 Conn. App. 693, 701, 596 A.2d 23 (1991). Once the court orders a modification, the previous order no longer governs custody and the new order remains in effect until the court orders a subsequent modification. See id. In the present case, the visitation schedule in the October, 2007 decision was modified several times, and therefore the original schedule in the October, 2007 decision no longer governed visitation. The last modification that the court ordered was the temporary orders, meaning the temporary orders remain in effect until subsequently modified. Contrary to the plaintiff's claim, the parties cannot simply "transition" from the temporary orders to the original visitation schedule contained in the October, 2007 decision. Any future visitation schedule that differs from the one contained in the temporary orders requires the court to order a modification—the parties cannot automatically "transition" to a different visitation schedule, or return to the original schedule, merely because the plaintiff's court-ordered psychological evaluation is purportedly moot or irrelevant. For these reasons, the plaintiff's claim that the relevancy or mootness of his psychological evaluation is dispositive with respect to the court's ruling on his motion to enforce is unavailing.

[11] The plaintiff also asserts that the court "fail[ed] to make a finding on a material change in circumstances before modifying the original order . . . ." This claim also is untimely for the reasons stated previously.

[12] Alternatively, even if the plaintiff had filed a timely appeal, he is not entitled to relief because he is unable to show harm from the defendant's failure to request leave to seek modification of the existing visitation orders. Relief is only granted "if one or more of [the court's] rulings were harmful . . . [meaning] the ruling would likely affect the result." (Citations omitted; internal quotation marks omitted.) *Borkowski* v. *Borkowski*, 228 Conn. 729, 747, 638 A.2d 1060 (1994). Practice Book § 25-26 (g) requires the moving party to request leave to file a motion to modify and "demonstrate probable cause that grounds exist for the motion to be granted." After this showing, the court considers the motion to modify on its merits, which requires proof of a material change in circumstances by a preponderance of the evidence. *In re Anthony E.*, 96 Conn. App. 414, 418, 900 A.2d 594, cert. denied, 280 Conn. 914, 908 A.2d 535 (2006). By virtue of the fact that the court was satisfied that the parties met the higher burden of proof and ordered the modification, it follows logically that there was probable cause to file the motion to modify. See *State* v. *Mitchell*, 200 Conn. 323, 339, 512 A.2d 140 (1986) (*Shea, J.*, concurring). The court's failure to first require that the parties request leave to file the motion pursuant to the October, 2007 decision was not harmful because it had no effect on the ultimate result. See *Borkowski* v. *Borkowski*, supra, 747. Without harm, there can be no relief. See id.

[13] The court's order releasing the psychological evaluation for the purpose of determining a visitation schedule is a final judgment. See *Dutkiewicz* v. *Dutkiewicz*, 289 Conn. 362, 369 n.8, 597 A.2d 821 (2008); *Madigan* v. *Madigan*, 224 Conn. 749, 754–55, 57, 620 A.2d 1276 (1993). An improper release of the evaluation and its subsequent use in fashioning a visitation schedule "may interfere with [the plaintiff's] custodial rights over a significant period in a manner that cannot be redressed at a later time. A lost opportunity to spend significant time with one's child is not recoverable. . . . [A]n immediate appeal of the court order in this case is the only reasonable method of ensuring that the important rights surrounding the parent-child relationship are adequately protected." (Citation omitted; internal quotation marks omitted.) *Taff* v. *Bettcher*, 243 Conn. 380, 386–87, 703 A.2d 759 (1997).

[14] We note that the plaintiff alleges that the defendant "refus[ed] to grant visitation in order to leverage the release of psychological evaluations." After today, the evaluation can be released. According to the temporary orders, all that remains before final visitation orders can be entered is an evidentiary hearing regarding the visitation schedule. We would be remiss, however, if we failed to mention that it is entirely possible that, prior to an evidentiary hearing, the parties could reach a mutual agreement regarding visitation, as they have done on multiple previous occasions.