******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MATTHEW M. MARTOWSKA *v.* KATHRYN R. WHITE
(AC 39970)

Alvord, Sheldon and Bear, Js.

*Syllabus*

The plaintiff filed an application seeking joint custody of the parties' minor
child. After the trial court rendered judgment granting joint legal custody
to the parties and visitation rights to the plaintiff, the plaintiff filed a
motion seeking enforcement of certain visitation orders contained in
the court's decision. As part of an agreement to resolve that motion,
the parties agreed to undergo a psychological evaluation, which was filed
with the court. Thereafter, the plaintiff sought a copy of the evaluation
to use in an unrelated proceeding in Massachusetts. Subsequently, the
court issued an order permitting the plaintiff to review the evaluation
in the clerk's office but did not allow the plaintiff to have a copy of the
evaluation or use its information in any other action. The plaintiff then
appealed to this court, claiming, inter alia, that the court erred in
restricting his ability to review the psychological evaluation and that
the restriction violated his due process and equal protection rights. *Held*
that this court lacked jurisdiction over the plaintiff's appeal, as the
postjudgment discovery order from which the plaintiff appealed was
not a final judgment; it is well established that interlocutory rulings on
motions related to discovery generally are not immediately appealable,
and the trial court's order did not satisfy either of the prongs of the
test set forth in *State* v. *Curcio* (191 Conn. 27) that governs when an
interlocutory order is appealable, as the plaintiff sought the release of
a copy of a document prepared in the context of a custody action that
no longer was pending and, thus, the resolution of the issue did not
constitute a separate and distinct proceeding, and no presently existing
right of the plaintiff had been concluded by the court's order prohibiting
release of a copy of the psychological evaluation.

Argued May 23—officially released July 31, 2018

*Procedural History*

Application for joint custody of the parties' minor
child, and for other relief, brought to the Superior Court
in the judicial district of Hartford and tried to the court,
*Epstein, J.*; judgment granting, inter alia, joint legal
custody to the parties and visitation rights to the plain-
tiff; thereafter, the parties filed a psychological evalua-
tion with the court; subsequently, the court, *Suarez, J.*,
ordered, inter alia, that the plaintiff could review but
not obtain a copy of the psychological evaluation, and
the plaintiff appealed to this court. *Appeal dismissed.*

*Matthew M. Martowska*, self-represented, the appel-
lant (plaintiff).

*Kerry A. Tarpey*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Matthew M. Martowska, appeals from the 2016 postjudgment order of the trial court that, although allowing the plaintiff to inspect a psychological evaluation performed in 2012 as part of a then pending proceeding regarding the parties' custody/visitation matter, prevented the plaintiff from obtaining a copy of the evaluation. On appeal, the plaintiff raises a number of claims regarding the court's order prohibiting the release of a copy of the 2012 evaluation.[1] We conclude that the postjudgment order at issue is not a final judgment. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction.

Many of the underlying facts and lengthy procedural history of this case are not relevant to the issues on appeal. Accordingly, we provide only the facts and history pertinent to our discussion, some of which are set forth in this court's decision in *Martowska* v. *White*, 149 Conn. App. 314, 87 A.3d 1201 (2014). The plaintiff and the defendant, Kathryn R. White, are the parents of one minor child. The plaintiff filed a custody/visitation application in October, 2005. Id., 316. In 2007, the parties sought final custody and visitation orders, and the court issued a memorandum of decision on October 9, 2007. Id. On January 13, 2012, the plaintiff filed a motion seeking enforcement of visitation orders contained in the court's October, 2007 decision. Id., 317. As part of a February 7, 2012 agreement resolving that motion, the parties agreed to undergo a psychological evaluation "for custodial/parenting plan purposes." Id., 317–18. Both parties submitted to a psychological evaluation, and the evaluation was filed with the court. Id., 318 n.6. The defendant filed a motion to release the psychological evaluation, which the court granted over the plaintiff's objection on January 16, 2013. Id., 319. The court order was stayed pending an appeal to this court. Id. In a decision released April 8, 2014, this court affirmed the trial court's order releasing the psychological evaluation, and stated, in a footnote, that "[a]fter today, the evaluation can be released." Id., 324 n.14.

Between May, 2014, and December, 2016, no motions were filed in this custody/visitation matter in the trial court. The plaintiff and his family members did, however, engage in a series of communications with judges and staff of the Superior Court. In November and December, 2014, the plaintiff sent two letters to Delinda Walden of the Hartford Superior Court, seeking confirmation of the following: the plaintiff's mother was denied a copy of the psychological evaluation, neither party may obtain a copy of the evaluation, no third parties may access the evaluation, and Walden is unable to provide a copy of the evaluation for use in a different case pending in Massachusetts. On September 11, 2015, the plaintiff again wrote to Walden inquiring whether he could obtain a copy of the psychological evaluation,

and whether he could share the copy with Dr. Denise Mumley in connection with an order of a Massachusetts court. The plaintiff wrote that the psychological evaluation would *"be used in a different case unrelated to [the defendant]"* and further stated that the evaluation "will be shared initially with Dr. Mumley (as part of my evaluation) and thereafter with others." (Emphasis added.) Also on September 11, 2015, the plaintiff's mother sent an e-mail to Walden, inquiring whether the plaintiff would be permitted to obtain a copy of the evaluation. Walden responded in part that Judge Suarez had informed her that "we can only release the evaluation for purposes involving the case here – it is not available for any other purpose. Otherwise [the plaintiff] will need to file a motion."

On October 12, 2016, the plaintiff appeared at the Superior Court to review the 2012 psychological evaluation. According to the plaintiff, he was denied access to the evaluation. The following day, the plaintiff sent an e-mail to Kevin Diadomo of the Hartford Superior Court, in which he represented that his inquiry was "for the purpose of potentially bringing forward a motion involving the case here in CT, but I needed to review the [evaluation] before I could decide my plan of action." He requested that Diadomo share the e-mail with Judge Suarez. The plaintiff also sent letters to a number of judges of the Superior Court, including Judge Suarez.

The court, *Suarez, J.*, then scheduled a status conference in the matter for December 6, 2016. Following the status conference, the court issued an order providing that "[t]he plaintiff may review the psychological evaluation dated November 23, 2012, in the clerk's office. The plaintiff is reminded that the information cannot be used in any other action. He was reminded that he cannot have copies of any of the information."[2] It is from this order that the plaintiff appeals.

"Before examining the plaintiff's claims on appeal, we must first determine whether we have jurisdiction. It is axiomatic that the jurisdiction of this court is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § 61-1 . . . . Thus, as a general matter, an interlocutory ruling may not be appealed pending the final disposition of a case." (Citations omitted; internal quotation marks omitted.) *Parrotta* v. *Parrotta*, 119 Conn. App. 472, 475–76, 988 A.2d 383 (2010).

The plaintiff appeals from a discovery order prohibiting release of a copy of the psychological evaluation. "It is well established in our case law that interlocutory rulings on motions related to discovery generally are not immediately appealable." *Cunniffe* v. *Cunniffe*, 150 Conn. App. 419, 433, 91 A.3d 497, cert. denied, 314 Conn. 935, 102 A.3d 1112 (2014). As an interlocutory order, this order would be immediately appealable only if it met at least one prong of the two prong test articulated

by our Supreme Court in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Under *Curcio*, "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.; see also *Radzik* v. *Connecticut Children's Medical Center*, 317 Conn. 313, 318, 118 A.3d 526 (2015) ("Discovery orders generally do not satisfy either *Curcio* exception, absent extraordinary circumstances. See, e.g., *Woodbury Knoll, LLC* v. *Shipman & Goodwin, LLP*, 305 Conn. 750, 757–58, 48 A.3d 16 (2012); *Abreu* v. *Leone*, 291 Conn. 332, 344, 968 A.2d 385 (2009).").

Our Supreme Court has elaborated on the application of the final judgment doctrine in the context of discovery disputes, recognizing the fact specific nature of such disputes. *Incardona* v. *Roer*, 309 Conn. 754, 760, 73 A.3d 686 (2013). "First, the court's focus in determining whether there is a final judgment is on the order immediately appealed, not [on] the underlying action that prompted the discovery dispute. . . . Second, determining whether an otherwise nonappealable discovery order may be appealed is a fact specific inquiry, and the court should treat each appeal accordingly. . . . Third, although the appellate final judgment rule is based partly on the policy against piecemeal appeals and the conservation of judicial resources . . . there [may be] a counterbalancing factor that militates against requiring a party to be held in contempt in order to bring an appeal from a discovery order." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) Id., 760–61.

With these considerations in mind, we conclude that the trial court's order in the present case does not satisfy either of the exceptions set forth in *Curcio*. The first prong of *Curcio* "requires that the order being appealed from be severable from the central cause of action so that the main action can proceed independent of the ancillary proceeding. . . . If the interlocutory ruling is merely a step along the road to final judgment then it does not satisfy the first prong of *Curcio*." (Internal quotation marks omitted.) *McGuinness* v. *McGuinness*, 155 Conn. App. 273, 276–77, 108 A.3d 1181 (2015).

In the present case, the record reflects that the issue at hand involved the plaintiff seeking release of a copy of a document prepared in the context of a custody/visitation action, which no longer was pending. The resolution of that issue does not constitute a separate and distinct proceeding. In fact, the order arose not out of a separate motion regarding the psychological evaluation but rather out of multiple communications from the plaintiff to the court and its staff, years after the end of the proceeding for which the evaluation had been ordered. No motions were pending in the case at

the time of the multiple communications. The plaintiff represented during oral argument before this court that he sought release of a copy of the evaluation in order to determine what motions, if any, he should file. This court, however, has previously recognized in the discovery context that "[a] party to a pending case does not institute a separate and distinct proceeding merely by filing a petition for discovery or other relief that will be helpful in the preparation and prosecution of that case." (Internal quotation marks omitted.) *Radzik* v. *Connecticut Children's Medical Center*, 145 Conn. App. 668, 680, 77 A.3d 823 (2013) (concluding that defendants' appeal from order granting plaintiff's motion to compel electronic discovery did not satisfy first prong of *Curcio*), aff'd, 317 Conn. 313, 118 A.3d 526 (2015).

"Satisfaction of the second prong of the *Curcio* test requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [party] irreparably harmed unless they may immediately appeal. . . . An essential predicate to the applicability of this prong is the identification of jeopardy to [either] a statutory or constitutional right that the interlocutory appeal seeks to vindicate." (Citation omitted; internal quotation marks omitted.) *Cunniffe* v. *Cunniffe*, supra, 150 Conn. App. 431–32. No presently existing right of the plaintiff has been concluded by the court's order prohibiting release of a copy of the 2012 psychological evaluation. Thus, under *Curcio*, there is no final judgment and no basis on which to appeal the court's ruling. As a result, we lack jurisdiction over this appeal.

The appeal is dismissed.

[1] Specifically, the plaintiff claims that: (1) the court erred in restricting his ability to review the psychological evaluation, (2) such restriction violated his constitutional rights to due process and equal protection, (3) he was improperly denied access to the evaluation on the basis of an "informal notation on file", (4) the court improperly called a status conference in the absence of any pending motions in the case, and (5) the plaintiff's letters to the judges of the Superior Court did not constitute ex parte communications.

[2] The plaintiff filed a motion for articulation dated February 3, 2017, which was denied. The plaintiff thereafter filed a motion for review of the denial of the motion for articulation. This court granted review but denied the relief requested.