******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE FAIZ SIDDIQUI
## (AC 41023)

DiPentima, C. J., and Lavine and Bishop, Js.

*Syllabus*

The petitioner filed a motion seeking the cancellation of an unserved arrest warrant pursuant to the rule of practice (§ 36-6) that governs the cancellation of arrest warrants. The trial court denied the petitioner's motion for cancellation on the ground that it lacked subject matter jurisdiction to consider the motion. Thereafter, the trial court denied two motions to reargue filed by the petitioner, and the petitioner appealed to this court. *Held*:

1. Contrary to the state's claim, this court had jurisdiction over the petitioner's appeal; the trial court's denial of the petitioner's motion for cancellation of the arrest warrant terminated a separate and distinct proceeding, and, therefore, it satisfied the first prong of the test set forth in *State* v. *Curcio* (191 Conn. 27) that governs when an interlocutory ruling is appealable.

2. The trial court properly determined that it lacked jurisdiction to consider the petitioner's motion for cancellation of the arrest warrant: because there was no pending criminal case before the trial court and the plain language of Practice Book § 36-6 provides that only the prosecuting authority and the judicial authority may act to cancel an arrest warrant and does not set forth an avenue for the petitioner to seek cancellation of the unserved arrest warrant, the trial court lacked jurisdiction to consider the merits of the petitioner's motion for cancellation; moreover, because the trial court lacked jurisdiction, it should have dismissed the motion rather than denied it, and, therefore this court concluded that the form of the judgment was improper, reversed the judgment and remanded the case with direction to dismiss the motion.

Argued October 10, 2019—officially released February 11, 2020

*Procedural History*

Motion for cancellation of an arrest warrant, brought to the Superior Court in the judicial district of Hartford, geographical area number fourteen, where the court, *Dewey, J.*, denied the motion; thereafter, the court denied the petitioner's motion to reargue, and the petitioner appealed to this court; subsequently, the court, *Dewey, J.*, denied the petitioner's motion to reargue, and the petitioner filed an amended appeal. *Improper form of judgment*; *judgment directed*.

*John R. Williams*, for the appellant (petitioner).

*Kathryn W. Bare*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robert Diaz*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The petitioner, Faiz Siddiqui, appeals from the judgment of the trial court denying his motion for cancellation of an unserved arrest warrant and denying his two motions to reargue. The petitioner claims that (1) his appeal is taken from a final judgment and, therefore, this court has jurisdiction to consider his appeal, (2) the trial court had jurisdiction to grant his motion for cancellation of the unserved arrest warrant, (3) the arrest warrant was not supported by probable cause, and (4) the fugitive felon disentitlement doctrine was inapplicable under the facts of this case. We conclude that this court has jurisdiction over the appeal and that the trial court properly determined that it lacked subject matter jurisdiction to rule on the motion for cancellation of the unserved warrant and the motions to reargue.[1] We further conclude that the form of the judgment is improper, and, accordingly, we reverse the judgment and remand the case with direction to dismiss the petitioner's motions.

The record reveals the following facts and procedural history. In 2015, the West Hartford Police Department investigated a harassment complaint against the petitioner. After a three month investigation, a police officer filed an application for an arrest warrant. The court, *Mullarkey, J.*, signed the arrest warrant on May 29, 2015, on the charge of one count of harassment in the second degree in violation of General Statutes § 53a-183. The court indicated a $2500 cash only bail and imposed a no contact condition as to the complainant. The warrant was neither served on the petitioner, who resided in London, England, at that time, nor filed in court.

Approximately two years later, on March 31, 2017, the petitioner filed a motion for cancellation of the arrest warrant, citing, inter alia, Practice Book § 36-6.[2] At that time, neither the petitioner nor his counsel had obtained a copy of the arrest warrant. The court, *Dewey, J.*, held a hearing on April 20, 2017. At the outset, the petitioner's counsel acknowledged the atypical nature of the proceeding and requested that the court "extend [its] jurisdiction to do one of two things. Either compel the state to cancel an arrest warrant that we haven't seen or—one could argue [that] might be a bit of a reach—or, in the alternative, to compel the state to produce a copy of the warrant and to hold an evidentiary hearing at some later date . . . ." The prosecutor countered that the court lacked jurisdiction to award either form of relief requested by the petitioner. The prosecutor further argued that the unserved warrant was not a public document.

On July 28, 2017, the court issued a memorandum of decision denying the petitioner's motion for cancellation of the arrest warrant. After summarizing the peti-

tioner's factual and legal arguments as to why the warrant should be cancelled,[3] the court turned to the question of jurisdiction. Specifically, it observed that "[a] Superior Court's authority in a criminal case begins with the presentment of an information." It then turned to Practice Book § 36-6, noting that, although that provision provided authority for the court to direct the return of an unserved warrant, it did "not provide any authority to secure a copy of that warrant for review by interested parties." Finally, the court stated that General Statutes § 54-2a (e) restricted the release of a warrant to the time of the arrest and that the warrant was not public information until the time of the arrest.

On August 30, 2017, the petitioner, representing himself, filed a motion to reargue pursuant to Practice Book § 11-11. A hearing was scheduled for October 17, 2017. The day before the scheduled hearing, the petitioner, represented by counsel, filed a memorandum in support of the motion to reargue. After the petitioner's counsel presented his argument, the prosecutor repeated the state's position that the court lacked jurisdiction. At the conclusion of the hearing, the court determined that it lacked jurisdiction to consider the motion for cancellation and denied the petitioner's motion to reargue.

On November 6, 2017, the petitioner filed the present appeal, as well as a motion to reargue and for modification to which he attached a copy of the arrest warrant. On November 30, 2017, the trial court denied the relief requested by the petitioner. It noted that the petitioner had appealed the October 17, 2017 decision denying his motion to reargue. As a result of the pending appeal, the court concluded that it lacked jurisdiction to entertain the November 6, 2017 motion. The petitioner responded by filing a motion for order with this court requesting that it (1) vacate the November 30, 2017 decision, (2) direct the trial court to conduct an evidentiary hearing, and (3) issue a notice indicating that the trial court had jurisdiction to consider his motion for cancellation of the arrest warrant.

On January 24, 2018, in response to the petitioner's motion for order, this court concluded that the filing of the appeal did not divest the trial court of jurisdiction to consider the petitioner's motion to reargue and for modification. This court ordered the trial court "to reconsider its order, dated November 29, 2017, on the [petitioner's] motion to reargue and for modification."

The petitioner subsequently filed a memorandum in support of the motion to reargue, dated March 14, 2018. On March 28, 2018, the trial court issued another memorandum of decision in which it noted that the petitioner has been a citizen and resident of England throughout these proceedings and that the May, 2015 arrest warrant had not been served. The court again rejected the petitioner's efforts to have the arrest warrant cancelled.

"In effect, the petitioner is attempting to argue a motion to dismiss before the initiation of criminal proceedings." The court also invoked the fugitive felon disentitlement doctrine,[4] noting that the petitioner had sought to invoke the jurisdiction of the court but had refused to submit to that same jurisdiction. The court stated: "As a fugitive, the petitioner should not be in a position to invoke the powers of the judiciary in an effort to avoid prosecution." Accordingly, the court denied the petitioner's motion to reargue and for modification. This appeal followed.[5] Additional facts will be set forth as necessary.

I

As an initial matter, we address the state's claim that this appeal was not taken from a final judgment, and, therefore, we should dismiss the appeal. Specifically, it contends that there is no final judgment in a criminal case until the imposition of sentence; see *State* v. *Rhoads*, 122 Conn. App. 238, 243, 999 A.2d 1, cert. denied, 298 Conn. 913, 4 A.3d 836 (2010); and that the present appeal fails to satisfy either prong of the test set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). We disagree that this court lacks jurisdiction to consider the merits of the petitioner's appeal.

"Before examining the [appellant's] claims on appeal, we must first determine whether we have jurisdiction. It is axiomatic that the jurisdiction of this court is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § 61-1 . . . . Thus, as a general matter, an interlocutory ruling may not be appealed pending the final disposition of a case." (Internal quotation marks omitted.) *Martowska* v. *White*, 183 Conn. App. 770, 774, 193 A.3d 1269 (2018). An otherwise interlocutory order is immediately appealable if "it [meets] at least one prong of the two prong test articulated by our Supreme Court in *State* v. *Curcio*, [supra, 191 Conn. 31]. Under *Curcio*, [a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) *Martowska* v. *White*, supra, 775.

The motion filed by the petitioner, and the proceedings that followed, concerned only the petitioner's efforts to have the 2015 arrest warrant cancelled. Indeed, once the court denied the petitioner's request to act pursuant to Practice Book § 36-6, this unusual matter, separate and distinct from any future proceedings in the criminal court, terminated. Accordingly, we conclude that the first prong of *Curcio* has been met, and this court has jurisdiction over the petitioner's appeal.

## II

Next, we turn to the issue of the whether the trial court had jurisdiction to rule on the petitioner's motion for cancellation of the arrest warrant. We conclude that the court properly determined that it lacked jurisdiction to consider the petitioner's motion, filed prior to the commencement of a criminal case. A remand is necessary, however, to change the form of the judgment from a denial to a dismissal of the petitioner's motion for cancellation of the unserved 2015 arrest warrant.

We begin with the observation that the Superior Court is a constitutional court of general jurisdiction. See *State* v. *McCoy*, 331 Conn. 561, 576–77, 206 A.3d 725 (2019). "In the absence of statutory or constitutional provisions, the limits of [the Superior Court's] jurisdiction are delineated by the common law." (Internal quotation marks omitted.) Id., 577; see also *State* v. *Ward*, 193 Conn. App. 794, 801, 220 A.3d 68, cert. granted on other grounds, 334 Conn. 911,      A.3d      (2019). Additionally, we note that "[j]urisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) *In re Shonna K.*, 77 Conn. App. 246, 250, 822 A.2d 1009 (2003); see also *State* v. *Carey*, 222 Conn. 299, 304–305, 610 A.2d 1147 (1992). A challenge to the subject matter jurisdiction of the trial court presents a legal question subject to plenary review by this court. See, e.g., *State* v. *Daly*, 111 Conn. App. 397, 401, 960 A.2d 1040 (2008), cert. denied, 292 Conn. 909, 973 A.2d 108 (2009).

Next, we consider the jurisdiction of the Superior Court in the context of a criminal case. Our Supreme Court has stated that "[t]he Superior Court's authority in a criminal case becomes established by the proper presentment of the information . . . which is essential to initiate a criminal proceeding." (Internal quotation marks omitted.) *State* v. *Carey*, supra, 222 Conn. 306; see *State* v. *Daly*, supra, 111 Conn. App. 401–402; see also *Reed* v. *Reincke*, 155 Conn. 591, 598, 236 A.2d 909 (1967) (proper presentment of information, rather than arrest, is essential to initiate criminal proceeding).

The Superior Court addressed a similar situation in *State* v. *Rodriguez*, Superior Court, judicial district of Windham, Docket No. CR-17-010112799-T (November 15, 2017) (65 Conn. L. Rptr. 499). In that case, the defendant filed a motion to dismiss and to vacate an unserved violation of probation arrest warrant pursuant to Practice Book § 41-8 (2) and (3). Id. The court first considered whether it had jurisdiction to consider the defendant's motion. Id. It noted that "[a] criminal proceeding is not initiated until the defendant has been formally

presented before the court, notified of the charges, and the formal charging document, called the information here in Connecticut, has been filed with the court, which constitutes the initiation of adversary judicial criminal proceedings . . . ." (Internal quotation marks omitted.) Id., 500. The defendant had not been served or otherwise presented before the Superior Court, and, therefore, the court concluded that "there is no criminal proceeding currently pending over which this court has jurisdiction." Id.

The defendant argued that Practice Book § 36-6 provides a means to invoke the court's jurisdiction. Id. In rejecting this position, the court first noted the absence of any legal or statutory authority to support the defendant's position. Id. It also concluded that the plain language of Practice Book § 36-6 did not support the defendant's interpretation. Id. The court stated: "The text of this section references the 'prosecuting authority' in the first sentence and the 'judicial authority' in the second, but makes no direct reference or other inference to defendants or defense counsel." Id. The court also noted that although our rules of practice may explain and codify the jurisdiction of the Superior Court, they do not create or enlarge it. Id. For these reasons, the court dismissed the defendant's motion. Id., 501.

We are persuaded by the analysis set forth in *Rodriguez* and, applying it to the facts of the present case, conclude that the trial court properly determined that it lacked jurisdiction to consider the defendant's motion for cancellation of the unserved 2015 arrest warrant. As noted by the trial court, "at the present time and in the instant case, *there is no pending criminal proceeding*." (Emphasis added.) Additionally, the plain language of Practice Book § 36-6 provides that the "prosecuting authority" and the "judicial authority" are the two entities that may act to cancel an unserved arrest warrant. It does not set forth an avenue for the petitioner to seek cancellation of the unserved warrant. We agree that there was no pending criminal case and that, therefore, the court lacked jurisdiction to consider the merits of the petitioner's motions regarding the unserved arrest warrant.[6]

The form of the judgment is improper, the judgment denying the petitioner's motions is reversed and the case is remanded with direction to render judgment dismissing the motions.

In this opinion the other judges concurred.

[1] As a result of this conclusion, we need not address the petitioner's third and fourth claims.

[2] Practice Book § 36-6 provides: "At the request of the prosecuting authority, any unserved arrest warrant shall be returned to a judicial authority for cancellation. A judicial authority also may direct that any unserved arrest warrant be returned for cancellation."

[3] Specifically, the court stated: "It is the petitioner's belief that the June, 2015 arrest warrant was based on the complainant's allegations that the petitioner had made several harassing phone calls from Chicago, Illinois. The petitioner denies these allegations. The petitioner also suggests that

there is no evidence of the source of the alleged harassing phone calls. Further, the petitioner states that there was a decade long sparse history of nonharassing phone calls. He additionally suggests that the complainant has a motive for fabrication. The petitioner asserts that the investigating officers provided information in their affidavit that was contradicted by available information or if investigated, would have been easily refuted. The petitioner finally states that the investigating officers ignored exculpatory information, threatened the petitioner with legal and immigration reprisals, and refused to meet with the petitioner's counsel.''

[4] See, e.g., *State* v. *Brabham*, 301 Conn. 376, 379–83, 21 A.3d 800 (2011); *State* v. *Dayton*, 176 Conn. App. 858, 863–67, 171 A.3d 482 (2017).

[5] On June 20, 2018, we granted the petitioner's motion to file a late amended appeal to include the trial court's March 28, 2018 ruling. This court further ordered, sua sponte, the parties to address in their appellate briefs the matter of the trial court's jurisdiction.

[6] In *State* v. *Damato-Kushel*, 327 Conn. 173, 175–77, 173 A.3d 357 (2017), a case relied on by the petitioner at oral argument before this court, the attorney for an alleged victim filed an appearance in a pending criminal matter and sought to attend any pretrial disposition conferences held in chambers. The criminal court sustained the defendant's objection. Id., 177. The alleged victim filed a writ of error, arguing that the in-chambers, pretrial dispositional conferences constituted court proceedings that the defendant had the right to attend, and, therefore, pursuant to article first, § 8, of the Connecticut constitution, as amended by articles seventeen and twenty-nine of the amendments (Conn. Const., amend. XXIX [b] [5]), he also had the right to attend due to his status as the victim. Id., 175–76. The defendants in error, the criminal defendant and Superior Court, judicial district of Fairfield, argued, inter alia, that the alleged victim was not aggrieved and lacked standing to bring the writ of error. Id., 179–80. Specifically, the defendants in error argued that the criminal court had not made any determination that the alleged victim was, in fact, a victim for purposes of amendment XXIX (b) (5) of the Connecticut constitution. Id., 180. Our Supreme Court rejected this argument, stating: "It is undisputed . . . that . . . the arrest warrant application clearly alleged that [the defendant's] criminal misconduct was perpetrated against [the alleged victim] specifically. In such circumstances, we agree with the [alleged victim] that the arrest warrant constitutes a sufficient determination of his status as a victim to trigger the rights afforded by amendment XXIX (b) of the Connecticut constitution." Id., 181.

The present case is distinguishable from *Damato-Kushel*. In that case, the criminal case against the defendant had been initiated by the proper presentment of an information in court. Further, our Supreme Court decided only that the arrest warrant amounted to a sufficient determination of the alleged victim's status, invoking the rights pursuant to amendment XXIX (b) of our state constitution for purposes of an aggrievement and standing for purposes of a determination regarding appellate jurisdiction to prosecute the writ of error. We conclude, therefore, that the petitioner's reliance on to *Damato-Kushel* is misplaced.

———————————————